**UNITED STATES of America,
Plaintiff and Appellee,**

v.

**Solomon GOLDBERG, also known as Saul
Gould, Defendant and Appellant.**

**No. 71–1513.**

United States Court of Appeals,
Ninth Circuit.

Feb. 24, 1972.

Morris Lavine (argued), Los Angeles, Cal., for appellant.

Gregory C. Glynn, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Eric A. Nobles, Chief, Criminal Division, Michael J. Lightfoot, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING and TRASK, Circuit Judges, and BATTIN,* District Judge.

PER CURIAM:

Appellant was charged with three counts of mail fraud in violation of 18 U.S.C. § 1341. He was found guilty and convicted on all three counts. The indictment charged that appellant purchased airline tickets from United Airlines on a credit card with no intention of paying the charges incurred. He then sold the tickets at a reduced rate to defendant Kelem, who in turn sold them at reduced rates to the public.

Three basic issues are presented on appeal:

1. Whether the trial court erred in deleting portions of the indictment when read to the jury, both at the beginning of the trial and during the giving of instructions;

2. Whether the indictment properly charged mail fraud in violation of 18 U. S.C. § 1341;

3. Whether the evidence was sufficient to support guilty verdicts.

■ When the court read the indictment to the jury, it omitted references to Kelem as an aider and abettor in Counts Seven, Eight and Nine and omitted parts of Count One in the indictment which referred also to Kelem. Appellant did not object to these omissions, but rather expressed agreement with the court's action. Assuming the issue to be properly before the court, it is without merit, since it is only necessary that the jury be fairly apprised of the nature of the charge, and that does not necessarily require a reading of the indictment to the jury either in whole or in part. Robles v. United States, 279 F.2d 401, 403–404 (9th Cir. 1960). This requirement was met.

■■ The essential elements of mail fraud under 18 U.S.C. § 1341 are (1) a scheme to defraud and (2) a knowing use of the mail to execute the scheme. United States v. Regent Office Supply Co., 421 F.2d 1174, 1180 (2nd Cir. 1970). Those elements were charged in

---

* Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

the indictment. It is not necessary to show that reliance of the victim was induced by misrepresentation of the defendant, nor is it necessary to show that the victim was misled. Regent, *supra*, at 1180–1181; Erwin v. United States, 242 F.2d 336, 337 (6th Cir. 1957).

The evidence introduced was sufficient to support a conviction under the indictment. See United States v. Kelem, 416 F.2d 346 (9th Cir. 1969).

Affirmed.