**UNITED STATES of America,
Appellee,**

v.

**James H. DONDICH, Appellant.**

No. 74–1947.

United States Court of Appeals,
Ninth Circuit.

Nov. 22, 1974.

Morton Berger, White Plains, N. Y., for appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and SCHWARTZ,* District Judge.

### OPINION

ALFRED T. GOODWIN, Circuit Judge:

James Dondich, who participated in a scheme to separate banks from their money by obtaining loans on worthless collateral, appeals his conviction of violation of 18 U.S.C. § 1341 (mail fraud) upon the ground that the government neglected to prove that he had used the mails within the meaning of § 1341. We agree, and reverse.

The only government evidence of mailing is found in the answer of a government witness to the leading question, "Did you then, pursuant to that agreement, send a letter verifying that note to the bank?" The witness: "Yes, I did." The collateral in the case was "hand carried".

Elsewhere in the transcript we find testimony that the banker in a distant city received the so-called verification, and another reference to its having been "sent". The issue on appeal, therefore, is whether the trier of fact was entitled to infer from the above testimony that the sending of the document was through the United States Postal Service.

The knowing use of the mails for the purpose of the alleged crime is an essential element of the offense. United States v. Maze, 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974); Kann v. United States, 323 U.S. 88, 94, 65 S.Ct. 148, 89 L.Ed. 88 (1944); United States v. Goldberg, 455 F.2d 479 (9th Cir.), cert.

---

* The Honorable Edward J. Schwartz, United States District Judge for the Southern District of California, sitting by designation.

denied, 406 U.S. 967, 92 S.Ct. 2411, 32 L.Ed.2d 665 (1972). And the government must prove beyond a reasonable doubt that the defendant used, or caused to be used, the postal service. Bolen v. United States, 303 F.2d 870 (9th Cir. 1962).

■ The government cites the *Bolen* case, in which the banker apparently testified about the ordinary mailing practices in his bank. We said there that such testimony could supply circumstantial evidence of the mailing of the documents in question. 303 F.2d at 875–876. However, the record must contain evidence of custom and usage before an inference can be drawn that the customary course of events was probably followed in the specific case. That evidence is lacking in this case.

■ The government also cites United States v. Fassoulis, 445 F.2d 13 (2d Cir.), cert. denied, 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 100 (1971), and asks us to extend it to hold that because most business letters are "sent" through the postal system, this one probably was. The difficulty with this argument is that it requires the court to take judicial notice of a critical fact in order to supply it. In our case the prosecutor not only forgot to ask the sender, who was on the stand, how he sent the letter, but also failed to put in any other foundational evidence from which the trier of fact could draw an inference of mailing. The matter was simply overlooked. The defrauded banker also could have been asked how he received the document in question, but the question was never asked.

In the *Fassoulis* case, the government introduced an envelope front having a *postage-meter imprint* which showed New York as the place of mailing. This evidence was held sufficient, with other circumstantial evidence, to prove mailing to Philadelphia. Here, however, we have nothing except a general inference that something "sent" was "sent" by mail. This is not enough.

In Stevens v. United States, 306 F.2d 834, 835 (5th Cir. 1962), evidence of " * * * the customs, usages and practices in the course of business with evidence of the letter appearing in the customary channel of mail matter [was] enough to carry the question to the jury * * *." In the case before us, the court and jury heard not a word about custom, usage, or practices in the course of business. There was some testimony of mailings by various individuals, but these mailings were not connected with any custom or course of business relevant to the indictment.

Finally, the government has cited in its brief Decker v. United States, 140 F.2d 378 (4th Cir.), cert. denied, 321 U.S. 792, 64 S.Ct. 791, 88 L.Ed. 1082 (1944). The government neglected to mention that Decker's codefendant, Kann, was the moving party in a companion case in which the Supreme Court granted certiorari and seriously undercut the government's theory in *Decker*. The Decker-Kann theory at the trial was that routine mailings in the interbank collection process occurring *after* fraud had been accomplished could constitute the "use of the mails" by the parties to further the fraudulent scheme. This is no longer the law. *See* United States v. Maze, supra, and Kann v. United States, 323 U.S. at 94, 65 S.Ct. 148.

Congress has the delegated power to make punishable certain frauds and abuses of credit. It has chosen to carve out those schemes in which the use of the mail is either a necessary part of the plan, or is reasonably foreseeable in the ordinary course of carrying it out. *See* United States v. Kelem, 416 F.2d 346 (9th Cir. 1969), cert. denied, 397 U.S. 952, 90 S.Ct. 977, 25 L.Ed.2d 134 (1970). In this case, we need not reach the question whether the letter sent by a third person to deceive the banker was contemplated, or was reasonably to be foreseen, by the "borrower". The government forgot to prove that it was mailed. Thus, the element which distinguishes this case from frauds subject only to state prosecution is simply missing from the proof.

Reversed and remanded.