**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James H. SANDERS, Defendant–
Appellant.**

No. 07–15437.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2008.

Filed May 1, 2008.

---

Thomas E. Flynn, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

James E. Friedhofer, Hatch & Parent, San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, NOONAN and CALLAHAN, Circuit Judges.

### MEMORANDUM *

James H. Sanders, a former federal prisoner, appeals from the district court's denial of his petition for a writ of error coram nobis. Sanders challenges his 1996 conviction for mail fraud. We previously affirmed his conviction. *See United States v. Sanders,* No. 97–10056, 1999 WL 439415, at *2 (9th Cir. June 22, 1999) (unpublished disposition).

His principal contention is that the district court erred by changing the date on the copy of the superseding indictment to the date his trial ended. Both the original superseding indictment and the indictment with the date changed included charges that were dismissed during his trial.

To warrant coram nobis relief, the petitioner must satisfy four requirements, including a showing that fundamental error occurred in the proceedings and that there are valid reasons why the petitioner did not act to attack the conviction earlier. *See Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir.1987). Sanders cannot show any fundamental error arising out of the indictment because all participants in the proceedings, including the defendant, counsel, judge, and jury, understood the charges that the defendant faced when the case went to the jury. There was no error in the jury instructions. The erroneous date on the document, which should have shown the date the trial began rather than the date the verdict was returned, had no bearing on this court's decision in the first appeal. While it is a fundamental constitutional principle under the Sixth Amendment that a defendant must be apprised of the charges that he faces, and the jury also must be properly apprised of those charges, *see United States v. Goldberg,* 455 F.2d 479, 480 (9th Cir.1972), the mistake that was made here was purely clerical.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.