**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 6/7/96**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No.95-3169

CARLTON J. WATKINS,

Defendants-Appellant.

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 93-CR-10083

D. Blair Watson, Assistant United States Attorney, Wichita, Kansas (Randall K. Rathbun, United States Attorney, Wichita, Kansas on the brief), for Plaintiff-Appellee.

Laura B. Shaneyfelt, Focht, Hughey & Calvert, Wichita, Kansas, (John E. Cowles, Law Office of John E. Cowles, Wichita, Kansas, on the brief) for Defendant-Appellant.

Before **PORFILIO, HOLLOWAY,** and **MURPHY,** Circuit Judges.

**MURPHY**, Circuit Judge.

After a jury trial, defendant Carlton J. Watkins was found guilty of both conspiracy to distribute and distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and

846. Watkins appeals, claiming that the district court erred when it allowed the prosecution in its case-in-chief to present certain incriminating statements made by Watson to an agent of the Drug Enforcement Administration ("DEA"). **We affirm**.

## BACKGROUND

Watkins was charged in a superseding indictment with one count of conspiring to distribute and four counts of distributing crack cocaine. Watkins eventually entered into plea negotiations with Blair Watson, an Assistant United States Attorney. During a meeting on or about May 19, 1994, Watkins gave a proffer of the information that he could provide to the prosecution. Specifically, Watkins told Watson that he had distributed crack cocaine and also divulged the name of his source for the crack cocaine. The meeting was attended by Watkins and his attorney Richard Seaton, Watson, and a number of law enforcement personnel, including DEA Agent Darrell Pressnell. Watkins was informed that anything he said during that May 19th meeting was protected by Rule 11 of the Federal Rules of Criminal Procedure.

After evaluating the information that Watkins had provided during the May 19th meeting, Watson agreed to enter into a plea agreement with Watkins. A written plea agreement was subsequently entered into on June 6, 1994. That agreement specifically provided as follows:

> It is further understood that no information given by this defendant subsequent to and in response to this agreement will be used against him in

any criminal case or criminal investigation, except . . . if he violates any provision of this Plea Agreement, in which event it is specifically understood and agreed that all information given by him or derivatives, shall be admissible in evidence in any proceedings against him.

Upon Watkins' entry into the plea agreement, the government arranged for him to be released to a halfway house in order to facilitate his cooperation.

On June 7, 1994, after Watkins had already entered into the plea agreement, Agent Pressnell transported Watkins to the DEA office and debriefed him. Watkins was not represented by counsel at the June 7th meeting and was not told that his statements could be used against him. During the debriefing, Watkins repeated his earlier statement that he had sold crack cocaine and also identified the same source for the drugs that he had identified during the May 19th meeting. The following day, June 8, 1994, Watkins breached the plea agreement by escaping from the halfway house.

After Watkins was apprehended, the government brought him to trial. Both before and at trial, Watkins objected to the introduction of all statements that he had made to law enforcement personnel during the May 19th and June 7th meetings. Although the district court suppressed the statements made during the May 19th meeting, it refused to block the admission of the statements made at the June 7th meeting. According to the district court, Rule 11(e)(6) only applies to statements made *during* the plea negotiations process. Because the statements during the June 7th meeting were made after the plea agreement had already been reached, the district court held that Rule 11(e)(6) did not preclude their admission. Watkins appeals. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

- 3 -

## ANALYSIS

Watkins' appeal presents the following question: Are statements made by a criminal defendant pursuant to, but subsequent to the finalization of, a plea agreement entitled to protection under Rule 11(e)(6) of the Federal Rules of Criminal Procedure. Other circuits have considered this issue and conclude that they are not.

Federal Rule of Criminal Procedure 11(e)(6) provides, in relevant part, as follows:

> Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> . . . .
>
> (D) any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

Fed. R. Crim. P. 11(e)(6)(D). By its very terms, Rule 11(e)(6)(D) only excludes those statements which are made "in the course of plea discussions." *Id.* Furthermore, the policy underlying Rule 11(e)(6)(D) is "to allow a defendant to freely negotiate without fear that statements will [later] be used against him." *United States v. Knight*, 867 F.2d 1285, 1288 (11th Cir.), *cert. denied*, 493 U.S. 846 (1989); *see also United States v. Lloyd*, 43 F.3d 1183, 1186 (8th Cir. 1994) (quoting *Knight*). Accordingly, both the language of, and the policy underlying, Rule 11(e)(6)(D) verify that once a plea agreement is reached, statements made thereafter are not entitled to the exclusionary protection of the Rule. *Knight*, 867 F.2d at 1288; *Lloyd*, 43 F.3d at 1186; *United States v. Davis*, 617 F.2d 677,

- 4 -

685 (D.C. Cir. 1979), *cert. denied sub nom. Gelestino v. United States*, 445 U.S. 967 (1980); *United States v. Stirling*, 571 F.2d 708, 731 (2d Cir.), *cert. denied*, 439 U.S. 824 (1978).  Because the statements of Watkins at issue here were made after the plea agreement had already been finalized, they are not entitled to Rule 11(e)(6)(D)'s exclusionary protection.[1]

In an effort to distinguish *Lloyd*, *Knight*, *Davis*, and *Stirling*, Watkins asserts that the rule set out in those cases does not apply here because unlike the situation in the aforementioned cases, Watkins' June 7th statements are identical to the protected statements he made at the May 19th meeting.  The mere fact that the statements made at the June 7th meeting were substantively identical to the statements made at the May 19th meeting does not mean that the June 7th statements are somehow covered by Rule 11(e)(6).  As noted in *Davis*, the purpose of Rule 11(e)(6) is to foster free dialogue and encourage compromise in the plea negotiation process.  617 F.2d at 685.  That purpose is not served by excluding statements made after a plea agreement has been reached.  This is true whether the subsequent statements are the same as those made during the plea negotiations process or not.

Finally, Watkins argues that the plea agreement itself prohibits the use of the statements made at the June 7th meeting.  In support of his contention, Watkins points to

---

[1]In light of this determination that statements made by a criminal defendant after the finalization of a plea agreement are not entitled to protection under Rule 11(e)(6)(D), this court need not address Watkins' argument that Rule 11 protections cannot be waived.

language in the plea agreement providing that "[i]t is further understood that no information given by this defendant *subsequent to and in response to this agreement* will be used against him in any criminal case or investigation." Unfortunately, Watkins fails to note that the provision he cites does not apply if "he violates any provision of this Plea Agreement, in which event it is specifically understood and agreed that all information given by him or derivatives, shall be admissible in evidence in any proceedings against him."

As indicated above, statements made after the plea agreement has been entered into are not entitled to protection under Rule 11(e)(6). Thus, the June 7th statements may be excluded only under the terms of the plea agreement. *See Lloyd*, 43 F.2d at 1185-86 (discussing a plea provision similar to the one at issue here). The agreement, however, specifically provides that any statements Watkins might make after entering into the agreement are admissible if he breaches the agreement. Because the parties do not dispute that Watkins breached the agreement when he left the halfway house, his statements at the June 7th meeting are admissible under the plea agreement.

The judgment of the district court is hereby **AFFIRMED**.