# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1889

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United |
| | * | States District Court for |
| v. | * | the District of South Dakota |
| | * | |
| Juan Gomez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 23, 1998

Filed: January 20, 1999

_____

Before McMILLIAN and HANSEN, Circuit Judges, and KYLE, District Judge.[1]

KYLE, District Judge.

Juan Gomez ("Gomez") was convicted by a jury of first-degree burglary, in violation of 18 U.S.C. § 1152 and S.D. Codified Laws § 22-32-1. He appeals both his conviction and the 46-month sentence imposed by the district court.[2] For the reasons

_____

[1] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

set forth below, we affirm.

## I

During the evening and early morning hours of August 9-10, 1997, Carol Thompson Muniz ("Muniz"), Kerrie Flute ("Flute"), Fernando Aranda ("Aranda"), and Danielle LaRoche ("LaRoche") spent time together drinking alcohol at a bar in Reliance, South Dakota, and later at Muniz's house in Lower Brule, South Dakota. After the bar closed at midnight, the group went to a dance in Lower Brule, where they stayed until 2:00 or 3:00 in the morning. When the dance ended, they resumed drinking at Muniz's house.

While the group was sitting in Muniz's kitchen, they heard someone banging on the front door of her house. Muniz and Aranda yelled at the person to go to the back door. Gomez, who had been banging on the front door, then went to the back door, which was locked, and kicked and pounded on it until it flew open. He then entered the house carrying a beer bottle, which he broke on the door frame, scattering glass around the kitchen. As he broke the bottle, a piece of glass hit LaRoche on the head, after which LaRoche ran out of the house.

Gomez then saw Flute attempting to flee the house and confronted her with the broken beer bottle, extending the jagged edge toward her as he approached her. When Gomez then turned toward Aranda and lunged at him, Flute fled the house. Inside the house, Gomez yelled at Muniz, "Bitch, you're dead," or words to that effect. Gomez and Aranda began to fight and Muniz ran into her bedroom; when she came out moments later, nobody was left inside her house. Muniz then went to a neighbor's

house and called the police.

Officer Tim Felicia of the Lower Brule Police Department and a tribal deputy arrived at Muniz's house a few minutes later, at approximately 3:30 a.m. Officer Felicia noticed that the back door was open and its frame was broken, and that there was a broken beer bottle and broken glass on the floor of the house, along with blood.

Gomez, who testified in his own defense, gave a quite different account of the activities in Muniz's house. He testified that he went there in search of his girlfriend, Beverly Skunk ("Skunk"), but found only Aranda in the kitchen. According to Gomez, after he asked if Skunk was present, Aranda -- unprovoked -- broke a beer bottle over Gomez's face and cut him under his arm with the broken bottle.

Later that day, after Gomez had been arrested, Muniz left her house and saw him standing nearby. As Muniz testified, Gomez yelled at her saying "something about you better not tell on me, or something, I'll tell them what you're doing at your house." While Muniz could not remember Gomez's exact words, she testified that he had threatened to hurt her.

After a two-day trial, the jury -- disbelieving Gomez's account of the events -- returned a verdict of guilty on the single-count indictment. During the sentencing hearing, the district court imposed two two-level enhancements to Gomez's base offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1,[3] and for

---

[3] U.S.S.G. § 3C1.1 provides:

If (A) the defendant willfully obstructed or impeded, or atempted to obstruct or impede, the administration of justice during the course of

possession of a dangerous weapon, pursuant to U.S.S.G. § 2B2.1(b)(4).[4] The district court found that the enhancement for obstruction of justice was supported not only by his threatening of Muniz after his arrest, but also by a finding that Gomez had committed perjury when he testified at trial, and by his failure to disclose his full criminal history to the presentence investigator. In addition, the district court determined that the broken bottle that Gomez had possessed constituted a dangerous weapon, which resulted in a two-level enhancement. These enhancements resulted in a total offense level of 21. When coupled with Gomez's criminal history category of III, the applicable guideline range was 46 to 57 months. Gomez received a 46-month sentence, and this appeal followed.

## II

Gomez raises several issues on appeal. He argues that his conviction must be reversed because the trial court erred in (1) not allowing him to present evidence that Aranda had fled the jurisdiction; (2) allowing evidence of his alleged threat of Muniz; and (3) denying his motion for a judgment of acquittal. Moreover, Gomez challenges both of the two-level enhancements to his base offense level.

---

the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

[4] U.S.S.G. § 2B2.1(b)(4) provides, in relevant part: "If a dangerous weapon . . . was possessed, increase by **2** levels."

## A.    Challenges to the Conviction

Gomez contends that the district court erred by not allowing him to present evidence that Aranda had fled the jurisdiction. Such evidence, he argues, would have tended to exculpate him because it would have suggested that Aranda, rather than Gomez, initiated the altercation at Muniz's house.

"We review the evidentiary rulings of a district court only for abuses of discretion and will reverse only when an improper evidentiary ruling affects the substantial rights of the defendant or when we believe that the error has had more than a slight influence on the verdict." United States v. Ballew, 40 F.3d 936, 941 (8th Cir. 1994) (citations omitted). In the instant case, the district court held that evidence of what Aranda did after the altercation was irrelevant to any issue material to Gomez's guilt or innocence, and we agree. Additionally, in light of the weight of other evidence against him, we cannot say that the district court's decision to exclude this evidence affected any substantial right of Gomez or had more than a slight influence on the verdict against him. We also note that no offer of proof was made with regard to why Aranda had fled the jurisdiction, when he did so, or indeed, whether he had fled the jurisdiction. Under these circumstances, we see no error in the district court's exclusion of testimony about Aranda.

Gomez further contends that the district court erred in admitting testimony of threats that he had made to Muniz after the altercation at his house, following his arrest. He argues that such evidence was more prejudicial than probative, and that it was unreliable. We disagree. Muniz testified that, although she could not remember his

exact words, Gomez had threatened her. During her direct examination, Muniz testified that Gomez had said "you better not tell on me, or something . . . ." During her cross-examination, she testified that he had said "something like 'Don't tell on me,' or something -- 'You better not f___ with me' -- he was just yelling something -- 'or I'll tell them what you're doing at your house.'" Gomez contends that, because she could not remember his exact words, Muniz was testifying merely to her own subjective feelings rather than presenting evidence as to what Gomez actually said. He also argues that her testimony on this point had no probative value and resulted in substantial prejudice to him.

We find no requirement that, to be admissible, a witness must remember word for word the statement of one who has threatened her, and we conclude that such a requirement would make little sense. Muniz unequivocally testified that Gomez threatened her, and attempted to influence her testimony in this matter. Such evidence is admissible and can be probative of guilt. See United States v. Hall, 565 F.2d 1052, 1055 (8th Cir. 1977) (evidence that the defendant attempted to influence a witness is admissible evidence and the jury determines what weight it should be given). Accordingly, we find that the evidence of Gomez's attempts to influence Muniz through threats was probative on the question of his guilt, and that the district court did not abuse its discretion in allowing such testimony.

Finally, with regard to his conviction, Gomez asserts that because no rational trier of fact could have found each of the elements of first-degree burglary satisfied beyond a reasonable doubt, the district court erred in denying his motion for a judgment of acquittal. Distilled to its essence, his argument is that it is unreasonable for the jury to have believed the testimony of Muniz because she "is simply not a credible witness."

-6-

In reviewing a district court's denial of a motion for judgment of acquittal, we will reverse only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. See United States v. White, 81 F.3d 80, 82 (8th Cir. 1996). We view the evidence in the light most favorable to the jury's verdict, giving the government the benefit of every reasonable inference and resolving all evidentiary conflicts in favor of the government. See United States v. Cunningham, 83 F.3d 218, 222 (8th Cir. 1996); White, 81 F.3d at 82. A district court properly denies a motion for a judgment of acquittal if "there is substantial evidence justifying an inference of guilt irrespective of any countervailing testimony that may be introduced." United States v. Armstrong, 16 F.3d 289, 292 (8th Cir. 1994). We find that Gomez's attacks on Muniz's credibility do not present an issue on which we could appropriately reverse the district court. See United States v. Martinez, 958 F.2d 217, 218 (8th Cir. 1992) ("It is the sole province of the jury to weigh the credibility of a witness."). Accordingly, we affirm Gomez's conviction.

## B.     Challenges to the Sentence

Gomez contends that the district court erred in imposing two-level enhancements for (1) possession of a dangerous weapon and (2) obstruction of justice. We review the district court's factual findings for clear error and give due deference to the district court's application of the guidelines to those facts. See United States v. Johnson, 906 F.2d 1285, 1290 (8th Cir. 1990).

Gomez argues that Muniz's testimony "shows that she was never threatened with that beer bottle." (Appellant's Br. at 14.) Moreover, Gomez argues that "[t]here exists evidence" that Aranda, rather than Gomez, brandished the broken bottle and that

"the evidence is at best contradictory . . . ." (Id.)  The fact that contradictory evidence existed, however, provides no grounds for us to reverse the finding of the district court that Gomez possessed the broken bottle.  It is evident that the district court believed the testimony of the various witnesses that Gomez brandished the broken bottle, and disbelieved Gomez's own testimony on this point.  "[A] district court's credibility determinations are 'virtually unreviewable on appeal.'"  United States v. Pugh, 25 F.3d 669, 677 (8th Cir. 1994) (quoting United States v. Casas, 999 F.2d 1225, 1230 (8th Cir. 1993)).  Ample evidence existed that Gomez possessed and brandished a broken bottle in the course of the burglary.  Accordingly, we find that the district court did not clearly err when it imposed a two-level enhancement for possession of a dangerous weapon.

Finally, with regard to the enhancement for obstruction of justice, Gomez argues that the district court's finding that he committed perjury was clearly erroneous.  We disagree, and hold that the district court's determination that Gomez committed perjury is fully supported by the record.  See United States v. Benson, 961 F.2d 707, 709 (8th Cir. 1992) (holding that, while an enhancement for obstruction of justice may not be based solely on the fact that the jury disbelieved the defendant, it may be based on the express finding of the district court, resulting from the judge's personal observations, that the defendant lied to the jury).  Moreover, the district court articulated a separate and independent ground to support an enhancement pursuant to U.S.S.G. 3C1.1, in its finding that Gomez threatened Muniz after the altercation.  Accordingly, we find that the district court did not clearly err in imposing a two-level enhancement pursuant to U.S.S.G. § 3C1.1.

Finding no error, we affirm Gomez's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.