# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3973

_____

United States of America,      *

       *

       Appellant,     *

       *     Appeal from the United States

    v.     *     District Court for the

       *     Northern District of Iowa.

Marvin L. Swick,     *

       *     [PUBLISHED]

       Appellee.     *

_____

Submitted: May 14, 2001
Filed: August 17, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, Circuit Judge, and SCHREIER,[1] District Judge.

_____

HANSEN, Circuit Judge.

The United States appeals the district court's grant of Marvin L. Swick's motion in limine suppressing inculpatory statements he made in his written and signed plea agreement and during a prior guilty plea hearing from being introduced in his upcoming jury trial. We reverse and remand.

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

## I.

The United States filed an indictment charging Swick with tampering with consumer products with reckless disregard for risk to others, in violation of 18 U.S.C. § 1365(a). Pursuant to a plea agreement, Swick entered a guilty plea to a reduced tampering charge. In the plea agreement, Swick stipulated that on at least three occasions he entered the Hy-Vee Food Store in Sioux City, Iowa, where he tainted food products by inserting sewing machine needles into consumer products. Specifically, he stipulated that he inserted needles into a red apple, a banana, an uncooked bratwurst sausage, four beef bottom round roasts, at least three packages of ground beef, a bratwurst bun, a bagel, a pork rib-eye roast, and a package of pork sausage. Swick was informed in the agreement that if he breached the plea agreement, "all testimony and other information he has provided at any time to attorneys, employees or law enforcement officers of the government, to the court, or to the federal grand jury, may and will be used against him in any prosecution or proceeding." (Appellant's App. at 17.) Swick acknowledged that he entered into the plea agreement freely and voluntarily and for no other reason than that he was guilty, that he read each provision of the entire plea agreement with the assistance of his counsel, and that he understood the provisions.

On May 9, 2000, Swick appeared in district court to enter his guilty plea. At the hearing Swick stated, "I admit that I had put needles in meat at Hy-Vee, real lack of judgment, and it's completely out of my character." (Plea Tr. at 24.) He stated that he understood the terms of the plea agreement and that he was pleading guilty of his own free will because he was in fact guilty. The district court found that Swick was: "fully competent and capable of entering an informed plea; . . . aware of the nature of the charges and the consequences of the plea; and the plea of guilty [was] a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." (Id. at 28.) The district court accepted Swick's guilty plea, and adjudged him guilty of the offense.

Before his sentencing hearing, Swick decided that he wanted to withdraw his guilty plea. The district court, acting out of what appears to us to be an abundance of discretion, granted Swick's motion to withdraw and then set a trial date. Swick then filed a motion in limine to exclude the inculpatory statements made in the plea agreement and in the open court proceedings.[2] The district court entered an order excluding the evidence of Swick's statements and, contrary to its prior determination, concluded that Swick's plea and the plea agreement were not voluntary. The government appeals the suppression order but does not appeal the order permitting Swick to withdraw his plea.

## II.

We review an order excluding evidence for an abuse of discretion. United States v. Gonzalez-Chavez, 122 F.3d 15, 16 (8th Cir. 1997). We review de novo the issue

---

[2]Swick based his motion on Fed. R. Crim. P. 11(e)(6), which provides:

> [E]vidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
> (A)   a plea of guilty which was later withdrawn;
> (B)   a plea of nolo contendere;
> (C)   any statement made in the course of any proceedings under this rule regarding either of the foregoing pleas; or
> (D)   any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

Swick also based his motion on Fed. R. Evid. 410, which is substantively similar to Rule 11(e)(6).

3

of whether a defendant has knowingly and voluntarily waived rights in a plea agreement. United States v. Young, 223 F.3d 905, 909 (8th Cir. 2000), cert. denied, 121 S. Ct. 1133 (2001). "[A]bsent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable." Id. at 909-10 (quoting United States v. Mezzanatto, 513 U.S. 196, 210 (1995)).

The government asserts that Swick knowingly and voluntarily entered into a plea agreement which contained a valid waiver of his right to exclude evidence obtained in the course of plea negotiations. We agree. The plea agreement explicitly informed Swick that if he breached the agreement, all testimony or information he provided at any time would be used against him. Swick clearly stated in the plea agreement and at the hearing that he understood all of the provisions of the plea agreement, including the consequences of breaching the agreement. He acknowledged that no one tried to push him into or talk him into signing the plea agreement, and that he was pleading guilty of his own free will. The district court accepted his guilty plea and initially found that the plea was knowing and voluntary.

We are not persuaded by Swick's assertion that because he was under pressure to accept the plea agreement or be forced to go to trial and face severe consequences, his plea was involuntary. All defendants in plea negotiations struggle with the issue of whether to plead guilty or to take their chances at trial. There is nothing in the record to indicate that Swick's situation was that different from any other ordinary defendant, or that he was under any greater pressure than any other defendant who is weighing the option of pleading guilty or going to trial. Other than his conclusory statements, Swick has not provided an affirmative indication that his plea was unknowing or involuntary, and therefore, we hold that his agreement to waive the exclusionary provisions of the plea-statement rules is enforceable.

4

The district court distinguished <u>Young</u> on the ground that in <u>Young</u> the government sought to introduce a sworn affidavit admitting the elements of the crime, executed at the same time as the defendant's plea agreement, whereas in this case the government is seeking to introduce the portions of a plea agreement and the plea colloquy containing admissions by Swick. We fail to see the significance of this factual distinction, particularly in view of the fact that Swick's courtroom admissions were made under oath. In both cases, the question is whether the district court erred in granting a motion in limine to suppress inculpatory statements made during plea negotiations after the defendant waived, in his agreement to plead guilty, the exclusionary provisions of the plea-statement rules. In <u>Young</u>, this court held that a defendant could waive the exclusionary provisions of the plea-statement rules as long as the plea agreement was entered into knowingly and voluntarily. 223 F.3d at 911. Swick's plea agreement contained the identical waiver language as the defendant's plea agreement in <u>Young</u>. Because we conclude that Swick signed his plea agreement voluntarily and knowingly and admitted under oath he had done so, his waiver was valid. The district court erred in ordering the exclusion of the statements he made during plea negotiations and in open court from the upcoming trial.

## III.

For the foregoing reasons, we reverse the district court's order entered December 1, 2000, and we remand the case for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.