**UNITED STATES of America**

v.

**Sa'Ad EL–AMIN, Defendant.**

**No. CRIM. 3:03CR55.**

United States District Court,
E.D. Virginia,
Richmond Division.

June 20, 2003.

Robert E. Trono, Office of the U.S. Attorney, Gregg R. Nivala, United States Attorney's Office, Richmond, VA, for Plaintiff.

Paul Geoffrey Gill, Robert James Wagner, Office of the Federal Public Defender, Debra Desmore Corcoran, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

### (Government's Motion in Limine)

HUDSON, District Judge.

The issue before the Court is whether to permit the United States to offer into evidence at trial a Statement of Facts signed by the defendant and his attorney during earlier plea negotiations in this case. Prior to oral argument, both the United States and the defendant submitted detailed memoranda of law outlining their respective positions and surveying the pertinent law.

During late 2001 and early 2002, the United States and the defendant were engaged in extensive plea negotiations involving essentially the same criminal conduct that eventually gave rise to the immediate indictment. Although not then in practice, the defendant is an attorney with extensive experience as a criminal defense litigator. In the course of the negotiations, the defendant was capably represented by one of the most distinguished attorneys in the Commonwealth of Virginia.

The negotiations resulted in a Plea Agreement and accompanying Statement of Facts that was executed by all parties on February 4, 2002. The following day, the defendant notified the United States Attorney's Office that he had changed his mind and would not plead guilty as contemplated by the Plea Agreement. The immediate indictment ensued.

At issue is the admissibility of the defendant's Statement of Facts at the trial of the immediate indictment. Ordinarily, statements made by a defendant during plea discussions are protected from evidentiary use by Rule 410 of the Federal Rules of Evidence ("FRE 410") and pursuant to Rule 11(f) of the Federal Rules of Criminal Procedure ("FRCP 11(f)").[1] The United States contends that by operation of language in the Plea Agreement, the defendant waived the protection of those rules. The defendant disagrees with the United States' construction of the pertinent language in the Plea Agreement.

The waiver language central to this dispute is found in paragraph twelve of the Plea Agreement:

> If the defendant fails to fulfill the obligations under this plea agreement, the defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, or any other federal rule, that defendant's statements pursuant to this agreement or any leads derived therefrom, should be suppressed or are inadmissible.

(Exhibit A to the United States' Motion in Limine ¶ 12). The defendant's primary challenge to the admissibility of his statements focuses on the language "pursuant to this agreement." By stipulation, the defendant and his attorney signed the Statement of Facts at the same time that they executed the Plea Agreement. The defendant argues that, in the context of the Plea Agreement, the word "pursuant" means "following or subsequent to." Consequently, the defendant contends that the operative language governed only statements made by the defendant after the Plea Agreement was signed and not during the course of negotiations. The United States rejoins that this restrictive defini-

---

1. Former FRCP 11(e)(6), which sets forth the standards for admissibility of plea statements, was re-designated as FRCP 11(f) in 2002. FRCP 11(f) states "[t]he admissibility or inadmissibility of a plea, a plea discussion, and any relevant statement is governed by Federal Rule of Evidence 410." FRE 410 precludes the admissibility of statements made in the course of plea negotiations, absent certain exceptions not present in this case.

tion defies logic and common sense and is contrary to the plain meaning of the term.

As authority for his position, the defendant cites the definition of "pursuant to" relied upon by the United States Supreme Court in *Old Colony Trust Co. v. Commissioner of Internal Revenue*, 301 U.S. 379, 57 S.Ct. 813, 81 L.Ed. 1169 (1937): "acting or done in consequence or in prosecution (of anything); hence, agreeable; conformable, following; according." *Id.* at 383, 57 S.Ct. 813 (quoting *Webster's New International Dictionary, Unabridged* (2d ed.1935)). The United States argues that the defendant lifts the term "following" out of context, and disregards the balance of the definition. In the United States' view, the word "pursuant" has no temporal connotation, but refers to something done in "conformance with." In support of its position, the United States cites definitions of "pursuant to" from a bevy of modern dictionaries.[2] In furtherance of its argument, the United States also points out that the language in question would have no legal consequence if the Court adopted the defendant's proposed construction. Relying on *United States v. Watkins*, 85 F.3d 498 (10th Cir.1996), the United States argues that statements made subsequent to a plea agreement are outside the protection of FRE 410 and FRCP 11(f). *See id.* at 500.

As the Eighth Circuit points out in *United States v. Lloyd*, 43 F.3d 1183 (8th Cir.1994), "(b)y its plain language, the rule excludes only those statements which are made 'in the course of plea discussions.'" *Id.* at 1186 (citation omitted). The United

States Courts of Appeal for the 2nd, 11th and D.C. Circuits concur.[3] No reported cases appear to adopt a contrary view. Moreover, the Court does not read *United States v. West*, 2 F.3d 66 (4th Cir.1993), or *United States v. Swick*, 262 F.3d 684 (8th Cir.2001), cited by the defendant during oral argument, as supporting his position. The courts in *West* and *Swick* neither opined nor inferred that the protections of FRE 410 and former FRCP 11(e)(6) extended to statements made after a plea agreement was signed.

▪ The defendant is correct that inaccuracies and ambiguities in plea agreements should be weighed against the government. *See United States v. McQueen*, 108 F.3d 64, 66 (4th Cir.1997); *United States v. Harvey*, 791 F.2d 294, 300–01 (4th Cir.1986). However, in this case the Court finds no ambiguity in the language in question. The ordinary meaning of "pursuant to this agreement" is "according to this agreement" or "in conformity with this agreement." The phrase clearly embraces statements made as a part of the plea agreement process. The Statement of Facts at issue here was executed according to and in conformity with the Plea Agreement. Consequently, the language of the agreement squarely covers the Statement of Facts Defendant seeks to exclude.

As a secondary argument, the defendant urges the Court to exclude the Statement of Facts under Rule 403 of the Federal Rules of Evidence as more prejudicial than probative. By their nature, all admissions by a defendant in a criminal case are

---

**2.** *See, e.g., Merriam–Webster's Collegiate Dictionary* 947 (10th ed.2002) (defining "pursuant to" as "in carrying out" and "in conformity with"); *Oxford American Dictionary* 544 (1980) (defining "pursuant to" as "in accordance with, according to"); *Webster's Ninth New Collegiate Dictionary* 957 (1990) (defining "pursuant to" as "in carrying out" or "in conformity with").

**3.** *See United States v. Knight*, 867 F.2d 1285, 1288 (11th Cir.1989); *United States v. Davis*, 617 F.2d 677, 685 (D.C.Cir.1979); *United States v. Stirling*, 571 F.2d 708, 731 (2d Cir. 1978).

prejudicial. There is nothing atypically inflammatory about the Statement of Facts in this case that would warrant its exclusion.

■ Lastly, the defendant contends that the Plea Agreement is merely executory until ratified by the Department of Justice, Tax Division. An executory contract is one which "remains wholly unperfected or for which there remains something to be done on both sides . . . ." *Black's Law Dictionary* 321 (7th ed.1999). The agreement at issue requires ratification by the Tax Division as well as the entry of a guilty plea by the defendant. There is no dispute that the defendant materially breached the Plea Agreement by declining to follow through with the plea. This breach occurred before the United States was required to seek the Tax Division's concurrence with the deal. The defendant's breach therefore relieved the United States of any further obligations under the agreement, "even when [the] defendant ha[d] relied to his substantial detriment . . . ." *West,* 2 F.3d at 70–71.

It is important to note in this case that no question has been raised about the voluntariness of the defendant's waiver as contained in the agreement. "A voluntary waiver is one that is the product of a free and deliberate choice rather than intimidation, coercion, or deception." *United States v. Young,* 223 F.3d 905, 910 (8th Cir.2000) (citation omitted). Moreover, "[a] knowing waiver is one made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* (citation omitted). The parties have stipulated that the deal between the United States and the defendant was the product of months of negotiation. As an experienced criminal lawyer, in company with distinguished counsel, the defendant was fully cognizant of the consequences of his actions and the import of the agreement.

Based on all the circumstances surrounding the negotiation of the Plea Agreement, the Court therefore finds that the defendant waived his FRE 410 and FRCP 11(f) protections knowingly and voluntarily. When he materially breached this Plea Agreement, the defendant knowingly and intentionally waived his FRE 410 and FRCP 11(f) objections to the government's use of his Statement of Facts. Therefore, the Government's Motion in Limine will be granted, and the United States may offer the Statement of Facts as evidence in its case in chief.[4]

An appropriate order shall accompany this Opinion. The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

### ORDER

This matter came before the Court on several pre-trial motions which counsel argued on June 17 and 18, 2003. For the reasons set forth on the record at the hearing, the Court took the following action:

1) Defendant's Motion to Move the Case within the District is DENIED with leave for the defendant to consent to excluding jurors from the City of Richmond, Chesterfield County, Hanover County, and Henrico County.

2) Government's Motion for Reciprocal Discovery is GRANTED.

---

**4.** *See United States v. Burch,* 156 F.3d 1315, 1322 (D.C.Cir.1998) (upholding the trial court's decision to allow the government to present statements made by the defendant in the course of plea negotiations as part of the government's case in chief, following a similar waiver of FRE 410 protection by the defendant).

3) Defendant's Motion to Suppress Evidence is DENIED in part and GRANTED in part.

4) Defendant's Motion to Disqualify Co–Defendant's Counsel and Dismiss Count One with Prejudice or Suspend Co–Defendant's Plea Agreement and Plea is DENIED.

5) Defendant's Motion to Compel Production of Grand Jury Transcript is DENIED.

6) Defendant's Motion for Severance is DENIED.

7) Defendant's Motion to Dismiss Count One (Conspiracy Charge) is DENIED.

8) Defendant's Motion for Bill of Particulars as to Mail Fraud is DENIED.

9) Defendant's Motion for Early Disclosure of Jencks, Giglio, and Rule 404(b) Evidence is GRANTED.

10) Defendant's Motion to Compel Production of Brady Material is GRANTED.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so Ordered.

### ORDER

This matter is before the Court on the United States' Motion in Limine to allow the admissibility of statements made by the defendant in connection with prior plea negotiations. Counsel for the defendant and the United States argued the Motion on June 18, 2003, and the Court took the matter under advisement. For the reasons set forth in the accompanying Memorandum Opinion, the Court hereby GRANTS the United States' motion allowing the introduction of the statements at issue as part of the government's case in chief.

The Clerk is directed to send a copy of this Order to all counsel of record by U.S. mail and facsimile.

It is so Ordered.