# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2649

_____

United States of America,        *
                                  *
          Plaintiff - Appellant,    *
                                  *   Appeal from the United States
      v.                           *   District Court for the Northern
                                  *   District of Iowa.
Marvin L. Swick,            *
                                  *
          Defendant - Appellee.    *

_____

Submitted: February 13, 2003

Filed: July 8, 2003

_____

Before HANSEN,[1] Chief Judge, RICHARD S. ARNOLD and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

On September 30, 1999, Marvin L. Swick was indicted on a charge of tampering with consumer products with reckless disregard for risk to others in violation of 18 U.S.C. § 1365(a). On May 9, 2000, Swick pleaded guilty to a reduced charge of food tampering in violation of 18 U.S.C. § 1365(b). On September 13,

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

2000, the district court allowed Swick to withdraw his guilty plea. Swick proceeded to trial and was convicted of the more serious charge.

At sentencing, the government requested a two-level enhancement for obstruction of justice which was denied. Additionally, Swick requested and was granted a downward departure based on extraordinary rehabilitative efforts. The government appeals the district court's refusal to impose the two-level enhancement and the downward departure. We reverse the district court, vacate the sentence, and remand for resentencing.

I

In August 1999, employees and customers of a Hy-Vee grocery store in Sioux City, Iowa discovered sewing machine needles in various food products sold at the store. Surveillance tapes of the meat counter were reviewed and showed Swick repeatedly moving his hand from his shirt pocket towards packaged meat items in which needles had been discovered. Several days later, following a return visit by Swick to the Hy-Vee store, another needle was discovered in meat purchased from the store. In all, 14 needles were discovered in food products. An investigation into the incidents led to Swick's arrest on September 10, 1999. Thereafter, no more needles were discovered at the Hy-Vee grocery store.

On September 30, 1999, Swick was indicted on a charge of tampering with consumer products with reckless disregard for risk to others. On May 9, 2000, pursuant to a plea agreement, he pleaded guilty to a reduced charge of tampering with food products. In the course of the change of plea hearing, Swick admitted he put needles in the items at Hy-Vee: "I admit that I had put needles in meat at Hy-Vee, real lack of judgment, and it's completely out of my character." At the sentencing hearing, however, the district court allowed Swick to withdraw his guilty plea and the matter proceeded to trial.

Swick moved to exclude his admission at trial and the motion was granted. The government filed an interlocutory appeal and this court reversed, holding the prior admission was voluntary and admissible. United States v. Swick, 262 F.3d 684, 686-87 (8th Cir. 2001). At trial, Swick testified he did not put the needles in any of the food products at Hy-Vee. He further testified he had confessed to the crime because he was afraid he might be convicted and wanted to take advantage of the favorable plea agreement offered by the government. The jury returned a verdict of guilty.

The pre-sentence investigation report recommended a two-level enhancement for obstruction of justice because Swick first admitted putting needles in food items, and then denied the offense at trial. See USSG § 3C1.1. The government concurred with the recommendation and requested the two-level enhancement arguing Swick had committed perjury either at the change of plea hearing or at trial. The district court, however, rejected the enhancement finding Swick had been unduly pressured into pleading guilty, and held there was insufficient evidence that Swick committed perjury. The district court set Swick's offense level at 25 with a sentencing range of 57-71 months, as opposed to the level 27 sought by the government with a sentencing range of 70-87 months.

Next, the district court granted Swick's motion for a downward departure based upon extraordinary rehabilitative efforts following his arrest. Swick presented testimony from various witnesses, including his wife, mother, daughter and son, indicating he stopped drinking following his arrest, entered and completed alcohol treatment, and turned his life around. Based upon those efforts, the district court determined Swick's case warranted a downward departure and sentenced him to 40 months incarceration.

## II

The factual findings underlying an enhancement for obstruction of justice are reviewed for clear error, and application of the sentencing guidelines to those facts is subject to de novo review. United States v. O'Dell, 204 F.3d 829, 836 (8th Cir. 2000).

"A defendant is subject to an obstruction enhancement under U.S.S.G. § 3C1.1 if he testifies falsely under oath in regard to a material matter and does so willfully rather than out of confusion or mistake." United States v. Chadwick, 44 F.3d 713, 715 (8th Cir. 1995) (citing United States v. Dunnigan, 507 U.S. 87, 94 (1993)). When determining if an obstruction enhancement based on perjury is warranted, the district court "must review the evidence and make independent findings," by a preponderance of the evidence, that the defendant willfully gave false testimony concerning a material matter in the case. Dunnigan, 507 U.S. at 95. Notably, the enhancement cannot be based exclusively on the fact that the jury did not believe the defendant's testimony. United States v. Gomez, 165 F.3d 650, 654 (8th Cir. 1999).

The district court concluded Swick was under pressure when he confessed to the crime at the change of plea hearing. The district court also expressed serious doubts about the jury's finding of guilt, and determined Swick's sentence should not be enhanced if he committed perjury by confessing under pressure to a crime he did not commit. Conversely, the government contends Swick's sentence should be enhanced irrespective of whether he committed perjury by admitting to a crime he did not commit or by denying a crime he did commit. In other words, one of the statements must be false and Swick's motivation for perjuring himself is irrelevant.

This court has already determined Swick was under no greater pressure to plead guilty and accept the benefits of the plea agreement "than any other defendant who is weighing the option of pleading guilty or going to trial." Swick, 262 F.3d at

686-87. Accordingly, we found Swick entered into the plea agreement knowingly and voluntarily. Id. To the extent the decision not to apply the obstruction enhancement was based upon a contrary finding, the district court abused its discretion.

Regarding the district court's misgivings about Swick's guilt, we agree it would be unjust to enhance his sentence if he is innocent. Swick, however, is not innocent - at least not insofar as the criminal justice system is concerned. The jury found Swick guilty. The district court refused to grant judgment of acquittal or a new trial. And, Swick has not cross-appealed his conviction. For purposes of sentencing and application of the guidelines, therefore, Swick's guilt is not at issue.

Section 3C1.1 provides for a two-level enhancement when a defendant willfully obstructs or impedes the administration of justice. Application Note 4(b) to § 3C1.1 lists perjury as an example of conduct to which the enhancement applies. Accordingly, if Swick willfully provided false testimony on a material matter the district court should have applied the enhancement for obstruction of justice.

A finding of perjury cannot be based solely on the fact the jury did not believe Swick's denial of guilt. Gomez, 165 F.3d at 654. But this case is clearly distinguishable from such cases because Swick gave two diametrically opposed statements; one of which could not be true. Thus, it is apparent Swick perjured himself either when he admitted guilt at the change of plea hearing or when he denied guilt at trial. That fact, coupled with the jury's uncontested finding of guilt and the material nature of the false testimony, leads us to conclude the district court erred by not applying the two-level enhancement for obstruction of justice. See United States v. Esparza, 291 F.3d 1052, 1055-56 (8th Cir. 2002) (noting a district court would have no choice but to apply an enhancement for obstruction of justice once it is shown the defendant willfully provided false testimony on a material matter).

Therefore, we reverse the district court's refusal to apply a two-level enhancement for obstruction of justice.

## III

This court reviews a district court's decision to grant a downward departure for an abuse of discretion. United States v. Hasan, 245 F.3d 682, 684 (8th Cir.) (en banc) (citations omitted), cert. denied, 534 U.S. 905 (2001).[2]

A district court may depart from the applicable guidelines when factors exist "that have not been given adequate consideration by the Commission" or when, "in light of unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." U.S.S.G. § 5K2.0. "In the absence of a characteristic or circumstance that distinguishes a case as sufficiently atypical to warrant a sentence different from that called for under the guidelines, a sentence outside the guideline range is not authorized." Id. at cmt. (citing 18 U.S.C. § 3553(b)).

A defendant's extraordinary post-offense rehabilitation may be an acceptable basis for departing from the applicable guideline range. United States v. Kapitzke, 130 F.3d 820, 823 (8th Cir. 1997). "[T]he acceptance-of-responsibility guideline

---

[2]After this case was submitted for consideration, Congress enacted legislation affecting the standard of review for departure issues under the sentencing guidelines. PROTECT Act, Pub.L. No. 108-21, § 401, 117 Stat. 650, 667 (Apr. 30, 2003). The statute appears to require de novo review of all cases in which a district court departs from the applicable guideline range. See id. § 401(d)(2). Previously, our review of a district court's decision to depart was for an abuse of discretion. See United States v. Thornberg, 326 F.3d 1023, 1026 (8th Cir. 2003) (citing Koon v. United States, 518 U.S. 81, 91 (1996)). We need not decide whether a de novo standard of review should be applied in this case, because we would reverse the downward departure even under an abuse of discretion standard. See Thornberg, 326 F.3d at 1026 n.4 (noting the court would affirm the district court's departure under either standard).

[however] already takes post-offense rehabilitation efforts into account, [and] departure under § 52K.0 is warranted only if the defendant's efforts are exceptional enough to be atypical of the cases in which the acceptance-of-responsibility reduction is usually granted." United States v. DeShon, 183 F.3d 888, 889 (8th Cir. 1999) (citations omitted).

A decision to depart on the basis of extraordinary post-offense rehabilitation is a "fact-based judgment call that falls within the district court's sentencing discretion." Kapitzke, 130 F.3d at 824. We will reverse the decision only if it is unsupported by the record. See United States v. Allery, 175 F.3d 610, 614 (8th Cir. 1999) (holding district court abused its discretion by granting downward departure when defendant did nothing more than obey the law since his conviction). "Moreover, in the cases where this Court has affirmed downward departures for post-offense rehabilitation, the rehabilitative efforts commenced *before* the defendants were subject to prosecution." United States v. Patterson, 315 F.3d 1044, 1048-49 (8th Cir. 2003) (Emphasis in original) (citations omitted).

The district court granted Swick a 17-month downward departure based on Swick's decision to stop abusing alcohol and his successful completion of alcohol treatment and aftercare. The government commends Swick for his efforts but points out he did not begin his rehabilitative efforts until after his arrest. Moreover, by refraining from alcohol and subjecting himself to periodic drug/alcohol testing, Swick was merely complying with the conditions of his pretrial release. Finally, the government argues Swick's efforts were not sufficiently atypical to take his case outside of the heartland, especially since Swick failed to accept responsibility for his actions and committed perjury. We agree.

We recently reversed the grant of a downward departure under similar circumstances in United States v. Patterson, 315 F.3d at 1049. In Patterson, the defendant had completed a drug treatment program (after testing positive on three

occasions for methamphetamine), stopped using drugs, and resumed her involvement with her family. Id. at 1046. Witnesses testified she took care of and was with her children constantly, and she visited and helped her grandparents on a daily basis. Id. Nevertheless, this court reversed the grant of a downward departure based upon extraordinary rehabilitative efforts, finding Patterson's efforts were commendable but amounted to nothing more than leading a lawful life after her arrest. Id. at 1048. The court also noted Patterson had received a three-level downward adjustment for acceptance of responsibility and the district court failed to explain why her efforts warranted an additional downward departure. "In most cases, post-offense rehabilitation is not a permissible ground for departure because it can be accounted for by an adjustment for acceptance of responsibility." Id. at 1049 (citing Kapitzke, 130 F.3d at 823).

Section 5K2.0 contemplates a downward departure in cases where a defendant's post-rehabilitative efforts are exceptional enough to be atypical of cases in which the acceptance-of-responsibility reduction is usually granted. DeShon, 183 F.3d at 889. Swick, however, refused to accept responsibility and, while commendable, his efforts to get his life back on track were not, as compared to other cases, sufficiently extraordinary to warrant a downward departure. Accordingly, we reverse the district court's grant of a downward departure.

IV

For the reasons stated, we reverse the district court's denial of a two-level enhancement for obstruction of justice and its grant of a downward departure for extraordinary rehabilitative efforts. We vacate Swick's sentence and remand to the district court with instructions to impose a sentence within the applicable guideline range of 70-87 months.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.