# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3096

———————

Marvin L. Swick,                    *
                                    *
      Plaintiff - Appellant,     *
                                    *   Appeal from the United States
    v.                              *   District Court for the Northern
                                    *   District of Iowa.
United States of America,           *
                                    *   [UNPUBLISHED]
      Defendant - Appellee.      *

———————

Submitted: May 16, 2006
Filed:   July 28, 2006

———————

Before BYE, HANSEN, and SMITH, Circuit Judges.

———————

PER CURIAM.

Marvin Swick appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion. Swick argues trial counsel was ineffective for failing to inform Swick about the consequences of withdrawing his guilty plea and the government's intent to use his admissions at trial.[2] We affirm.

---

[1] The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

[2] Swick also argues this court erred, in a previous opinion, in allowing his withdrawn guilty plea to be used against him at trial, see United States v. Swick, 262 F.3d 684 (8th Cir. 2001), and trial counsel was ineffective for failing to make a

# I

In September 1999, Swick was indicted on a charge of tampering with consumer products with reckless disregard for risk to others in violation of 18 U.S.C. § 1365(a). In May 2000, in accordance with a written plea agreement, Swick entered a guilty plea to a reduced charge of food tampering in violation of 18 U.S.C. §1365(b), stipulating he put needles in food products at a grocery store on at least three occasions.

Prior to sentencing, Swick withdrew his guilty plea and, after a trial date was set, moved to exclude all statements made during the plea hearing and the written admissions in his plea agreement. The district court granted the motion and the government appealed. On appeal, this court held Swick's plea was knowingly and voluntarily entered and he breached the plea agreement by withdrawing his plea. The court further concluded Swick's agreement to waive the exclusionary provisions of the plea-statement rules was enforceable and his statements were admissible at trial. United States v. Swick, 262 F.3d 684, 687 (8th Cir. 2001). Following a jury trial, Swick was convicted of the more serious charge – 18 U.S.C. § 1365(a) – and sentenced to seventy months of imprisonment.

In March 2004, Swick filed a § 2255 motion to vacate, set aside, or correct his sentence. After an evidentiary hearing, at which both Swick and trial counsel testified, the district court denied the motion on all grounds. Swick requested and received a certificate of appealability.

---

reasonable investigation. These issues are outside the scope of the certificate of appealability and we decline to address them. See Richardson v. Bowersox, 188 F.3d 973, 982 (8th Cir. 1999) (denying consideration of claims not included in the certificate of appealability).

II

After reviewing the district court's legal conclusions de novo and its findings of fact for clear error, Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000), we conclude the district court correctly denied Swick's motion. A claim of ineffective assistance of counsel is scrutinized under the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984). For Swick to prevail he must show: "(1) that [the] attorney's performance was deficient, failing below professional standards of competence; and (2) that the deficient performance prejudiced [the] defense." Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998) (citing Strickland, 466 U.S. at 687).

The defendant must show counsel's conduct fell below an objective standard of reasonableness, and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. We consider all circumstances "from counsel's perspective at the time" and make every effort to eliminate the distorting effects of hindsight. Id. at 689. There is a strong presumption counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690; United States v. Cronic, 466 U.S. 648, 658 (1984). To overcome the presumption, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Even if a defendant is able to meet the first prong of Strickland by demonstrating deficient performance, such performance "does not warrant setting aside the judgment of a criminal procedure if the error had no effect on the judgment." Id. at 691. The prejudice prong requires a defendant to "show that [unreasonable errors of counsel] actually had an adverse effect on the defense," id.

-3-

at 693, and "were so serious that they rendered the proceedings fundamentally unfair or the result unreliable." Bucklew v. Leubbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing Lockhart v. Fretwell, 506 U.S. 364, 372 (1993)).

Swick first contends trial counsel was ineffective because he failed to inform him that if he withdrew his guilty plea, his admissions could be used against him at trial. We disagree.

Provision 14 of the plea agreement stated:

[I]f the defendant does breach this agreement, he faces the following consequences: all testimony and other information he has provided at any time to attorneys, employees, or law enforcement officers of the government, to the courts, or to the federal grand jury, may and will be used against him in any prosecution or proceeding.

Appellee's App. at 30. The record shows Swick and trial counsel reviewed the plea agreement several times and counsel advised Swick to ask before signing if he had any questions and not to initial any paragraph he did not understand. Swick acknowledged he read each provision of the agreement with assistance of his counsel, understood the terms, and "discussed the case and his constitutional and other rights with his attorney." Id. at 32. Swick did not ask any questions and he initialed all provisions – including Provision 14. In so doing, Swick acknowledged he understood the consequences of breaching the plea agreement.

Swick next contends trial counsel's failure to inform him about a letter the government sent stating it would use Swick's admissions at trial if he withdrew his plea, amounted to ineffective assistance of counsel. Although trial counsel did not inform Swick of the letter and its contents, that failure was not serious enough for us to conclude Swick was denied the effective assistance of counsel. The letter added nothing new – it only reiterated the government's intent to enforce the terms of

-4-

Provision 14 if Swick breached the plea agreement. Additionally, we agree with the the district court's conclusion that even if counsel had told Swick about the letter, Swick would have continued to rely on the district court's order suppressing his admissions. Thus, we conclude counsel's conduct was not so deficient to be considered as falling below professional standards of competence.

Swick also argues trial counsel failed to inform him about this court's opinion reversing the district court's order suppressing Swick's admissions. He contends he would not have withdrawn his guilty plea had he known about the decision, and therefore trial counsel subjected him to ineffective assistance of counsel. Swick's decision to withdraw his guilty plea was made in September 2000 and our decision was filed in August 2001. Therefore, this argument is without merit.

Finally, Swick alleges that when trial counsel informed him of this court's earlier decision, counsel assured him the district court would nonetheless exclude his admissions at trial. We reject this claim as unsupported by the record.

III

The judgment of the district court is affirmed.

_____