# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3946

_____

United States of America,              *
                                   *

          Appellee,        *

                                   *   Appeal from the United States
     v.                 *   District Court for the
                                   *   District of Nebraska.

Stanley Walker Harris,        *

                                 *   [UNPUBLISHED]

          Appellant.      *

_____

Submitted:  May 10, 2010
Filed:  June 21, 2010

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Stanley Walker Harris entered an <u>Alford</u>[1] plea to one count of Social Security fraud as part of a plea agreement that included a waiver of the right to withdraw the plea. At the sentencing hearing, the district court[2] denied Harris's motion to withdraw his plea. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the district court imposed the parties' agreed-upon sentence of one year and one day. The district

_____

[1]<u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).

[2]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

court also imposed three years of supervised release and ordered Harris to pay $37,783.99 in restitution. Harris appeals, arguing that the district court erred in not allowing him to withdraw his plea. He claims (1) that his waiver was not knowing or voluntary, and (2) that the possibility of restitution highlighted in the presentence investigation report was a fair and just reason to withdraw the plea. We affirm.

If made knowingly and voluntarily, a defendant's waiver of his right to withdraw his plea will be enforced. See United States v. Stricklin, 342 F.3d 849, 850 (8th Cir. 2003) (per curiam); cf. United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (waiver of appellate rights). Whether Harris knowingly and voluntarily waived his right to withdraw his plea is a legal question that we review *de novo*. See United States v. Quiroga, 554 F.3d 1150, 1155 (8th Cir. 2009); United States v. Swick, 262 F.3d 684, 686 (8th Cir. 2001).

Paragraph eleven of the plea agreement reads: "By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d)." The district court conducted a plea colloquy in which Harris acknowledged that he had read the plea agreement, reviewed it with his attorney, signed it, entered into it of his own free will, and understood the terms and conditions of the agreement. Harris actively participated during the plea colloquy, asking questions and voicing concerns about his attorney's performance. The district court informed Harris that "[a]fter I accept your guilty plea, there is no going back." After raising several additional concerns, Harris entered his plea.

We conclude that Harris knowingly and voluntarily entered into the plea agreement and waived his right to withdraw the plea. Accordingly, we need not consider Harris's contention that the possibility of restitution constituted a fair and just reason to withdraw his plea, because such a claim is dependent upon the absence of a valid waiver. Furthermore, the record belies Harris's claim that he was unaware of the possibility that he might be ordered to make restitution. In his petition to enter

a plea of guilty, Harris responded affirmatively to the question, "Do you realize that, if you plead GUILTY, the judge may require you to make restitution to any victim of the offense?"

The judgment is affirmed.

_____