Judge BERZON’s Dissent.
I concur in the majority disposition except with regard to the two-level obstruction of justice enhancement.
To recap: That enhancement applies if “the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice” with respect to the prosecution of the offense of conviction. U.S.S.G. § 3C1.1. The enhancement applies where a defendant commits perjury while under oath, but does not cover “false statements, not under oath, to law enforcement officers,” except where a defendant “provide[s] a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense.” Id. at § 3C1.1 cmt. nn. 4(b), (g), 5(b). We have applied this commentary as written. See, e.g., United States v. Solano-Godines, 120 F.3d 957, 965 (9th Cir.1997). Every other circuit has _ done the same. See, e.g., United States v. Selvie, 684 F.3d 679, 684 (7th Cir.2012); United States v. Williams, 79 F.3d 334, 338 (2nd Cir.1996).
The district court never specified which of the two versions of obstruction occurred here, and did not make the findings required before imposition of this enhance *652 ment. See United States v. Jimenez-Ortega, 472 F.3d 1102, 1103 (9th Cir.2007) (citing United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)). Instead, on the final day of trial, the court stated, “I either have two persons [Wolverine and Tatsey] who have lied under oath in this court, or, by telling a different and conflicting version to an FBI agent, have lied to an FBI agent in the course of his official capacities and duties. Either of which could be a crime.” The court reiterated, “the facts simply cannot be reconciled without drawing the conclusion that one version or the other ... is not factually true,” but specifically declined to resolve “the truth or falsity of the two versions given by” Wolverine.
Later, at sentencing, the district court simply stated, “I have concluded from the entirety of the record that there is certainly ample evidence and justification for the Court, for the purposes of sentencing, to add the 2 points for obstruction of justice.” At neither time did the district court make a finding as to which of Wolverine’s statements was a lie.
Even if either possible lie “could be a crime,”[1] a lie — even a material lie — is not sufficient under the Guidelines when the lie is to a law enforcement officer.[2] Lying “to an FBI agent in the course of his official capacities and duties” is only the basis for an obstruction of justice enhancement if the false statement was both “material” and “significantly obstructed or impeded the official investigation or prosecution of the instant offense.” The advisory notes make clear that, absent such findings, '“making false statements, not under oath, to law enforcement officers” does not ordinarily qualify for the enhancement. U.S.S.G. § 3C1.1 cmt. nn. 4(G), 5(B).
The district court never recognized the “significant obstruction or impediment” requirement and made no finding pertinent to it. Although I would remand for further findings, on the current record, such a finding would be problematical.
Wolverine’s statement to the FBI inculpated her as to the second stabbing. The prosecution went forward rather than halting. The government acknowledged at oral argument that the investigators believed the version of events described by Tatsey in his FBI interview the day before, not what Wolverine told them, and it was that theory the government put forward at trial. Cf. United States v. Shriver, 967 F.2d 572, 575 (11th Cir.1992) (collecting cases). So there is scant evidence on the record that the statement, if a lie, actually “obstructed or impeded the official investigation,” much less did so “significantly.” Nor is there any finding that Wolverine’s inculpatory statement to'the FBI was an attempt to obstruct or impede justice by significantly obstructing or impeding the investigation; the district court assumed that the material lie was sufficient, as it is for perjury.
We held in Jimenez-Ortega that “the materiality of a false statement is one of *653 the factual predicates of an obstruction enhancement,” and not “a purely legal question ... that the court of appeals c[an] decide in the first instance.” 472 F.3d at 1103. Jimenez-Ortega directed that when a district court fails to make the necessary factual findings to support imposition of this enhancement, and the government has not argued that the error was harmless, “we must remand” to the district court rather than substitute our judgment in its place. Id. at 1103-04 & n. 2. The same reasoning applies to the failure to determine whether the “significantly obstructed or impeded” requirement is met.[3] We thus must remand for a proper determination, applying the correct Guidelines standards, as to the obstruction of justice enhancement.
I respectfully dissent.

. I do not further consider that possibility, as the point is irrelevant. Wolverine had not been convicted of such a crime. See J. in a Criminal Case, Docket No. 79, 1.

. The situation here is in contrast to that in United States v. Swick, 334 F.3d 784 (8th Cir.2003), upon which the government relies to argue that the sentencing enhancement is appropriate if Wolverine must have lied on one of the two occasions. In Swick, the defendant gave contradictory material testimony on two occasions, both while under oath, and thus at least one of them had to be perjury. Here, Wolverine’s earlier statement was made to the FBI agent while not under oath, and thus had to meet additional requirements, discussed below, to support imposition of the enhancement.

. The majority suggests that Application note 4(G) is "inconsistent with the guideline itself." Maj. at 8. No party has so argued, and every court, including this court, that has applied the commentary has applied it as written. See also Stinson v. United States, 508 U.S. 36, 44, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); Ehlert v. United States, 402 U.S. 99, 105, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).