**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
 *Plaintiff-Appellee,*

v.

JOSE JIMENEZ-ORTEGA,
 *Defendant-Appellant.*

No. 06-50007

D.C. No.
CR-05-00457-JAH

OPINION

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 6, 2006*
Pasadena, California

Filed January 5, 2007

Before: Stephen Reinhardt, Alex Kozinski and
Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Kasha K. Pollreisz, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Carol C. Lam, United States Attorney for the Southern District of California, San Diego, California; Roger W. Haines, Jr., Assistant United States Attorney, San Diego, California; Bruce C. Smith, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

---

## OPINION

PER CURIAM:

We address whether a district judge must make a finding of materiality before he can enhance a defendant's sentence for obstruction of justice based on perjury under U.S.S.G. § 3C1.1.

## Facts

Defendant was apprehended near an Imperial County recreation area after abandoning a Jeep Cherokee packed full of marijuana. He was charged with importing narcotics and possessing narcotics with intent to distribute. Defendant testified at trial and a jury convicted him on both counts.

At sentencing the judge characterized defendant's trial testimony as "so incredible, in light of all of the evidence, that it was clear to the court that you intended to obstruct or impede justice with your version of the facts. Your testimony was not the result of any confusion, mistake or faulty memory, but an attempt to willfully obstruct justice." The court imposed an upward adjustment, pursuant to U.S.S.G. § 3C1.1, increasing defendant's guidelines range from 70-87 months to 87-108 months.

On appeal, defendant questions the adequacy of the district

judge's finding that he had obstructed justice by giving false testimony at trial.[1]

## Analysis

**[1]** Before it may adjust defendant's sentence for obstruction of justice, the district court must find that: 1) defendant gave false testimony; 2) the testimony was on a material matter; and 3) defendant had "willful intent" to provide false testimony. *United States* v. *Dunnigan*, 507 U.S. 87, 94 (1993). Here, the judge said that defendant had "wilfully" given "incredible testimony," but he said nothing about the materiality of defendant's false statements.

Our cases provide divergent guidance on how we deal with this situation. In *United States* v. *Jimenez*, 300 F.3d 1166, 1171 (9th Cir. 2002), we remanded, citing *Dunnigan*, where a judge said that defendant had "knowingly lied on the stand" but never stated whether defendant provided false testimony on a material issue. However, in *United States* v. *Arias-Villaneuva*, 998 F.2d 1491 (9th Cir. 1993), the district judge enhanced defendant's sentence for obstruction of justice after finding that he "testified untruthfully," without making a finding on materiality. *Id.* at 1512-13. We determined, based on the appellate record, that defendant's false testimony related to material issues in the case and upheld the sentence without remanding.

**[2]** The different approaches taken by the panels in *Arias-Villaneuva* and *Jimenez* can be explained by an intervening

---

**[1]**Defendant also claims that the prosecutor made comments in his closing argument that shifted the burden of proof to defendant. However, the comments defendant points out are similar to those made by the prosecutor in *United States* v. *Mares*, 940 F.2d 455, 461 (9th Cir. 1991), where we held that comments that merely "challenge the other [side] to explain to the jury uncomfortable facts and inferences" do not constitute impermissible burden shifting. As in *Mares*, the prosecutor here did not shift the burden of proof to defendant.

Supreme Court case, *United States* v. *Gaudin*, 515 U.S. 506 (1995). There the Court held that materiality must be decided by the trier of fact. *Id*. at 522-23. Prior to that decision, materiality was commonly understood as a purely legal question, and thus one that the court of appeals could decide in the first instance. Indeed, *Arias-Villaneuva* relied on one of our pre-*Gaudin* cases, *United States* v. *Clark*, 918 F.2d 843, 846 (9th Cir. 1990), for the proposition that materiality is a purely legal issue. In *United States* v. *Keys*, 95 F.3d 874, 878 (9th Cir. 1996), we recognized that *Clark* was no longer good law after *Gaudin*. Thus, while it was acceptable at the time of *Arias-Villaneuva* for our court to make a ruling on materiality rather than remand, this was no longer true when *Jimenez* was decided. Post-*Gaudin*, the materiality of a false statement is one of the factual predicates of an obstruction enhancement, and we must remand where the district court failed to make a finding on this point.[2]

[3] Normally, conflicts in our caselaw cannot be resolved by a three-judge panel. *See Atonio* v. *Wards Cove Packing Co.*, 810 F.2d 1477, 1478-79 (9th Cir. 1987) (en banc). But in *Miller* v. *Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc), we recognized an exception to this rule when one of our opinions has been superceded by intervening Supreme Court authority. Such is the case here. *Gaudin* implicitly overruled the portion of *Arias-Villaneuva* dealing with the district court's failure to make a finding on materiality. *Jimenez* thus controls and we remand for resentencing.

**REMANDED.**

---

[2]The government has not argued that the error here was harmless, and this is not among the extraordinary cases that merit sua sponte consideration of the issue. *See United States* v. *Gonzalez-Flores*, 418 F.3d 1093, 1101 (9th Cir. 2005).