**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronnie Donnie GANT, Defendant–
Appellant.**

No. 07–10140.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2008.

Filed May 1, 2008.

Jerry R. Albert, Bruce M. Ferg, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

J. Thomas Poore, Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, NOONAN and CALLAHAN, Circuit Judges.

MEMORANDUM *

Ronnie Gant ("Gant") appeals from his convictions of (1) conspiring to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846; and (2) possession with intent to distribute 100 kilograms or more, but less than 1,000 kilograms, of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii). The facts are known to the parties and need not be repeated here.

1. The district court did not err in excluding two defense rebuttal witnesses as a sanction for Gant's violation of a disclosure agreement. See *Taylor v. Illinois*, 484 U.S. 400, 414–15, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). Gant has failed to show that the rebuttal witnesses' testimony would not be cumulative of evidence presented at trial. There was no plain error.

2. After conducting an in camera inspection of Agent Dreeland's notes, we find that the district court did not clearly err by declining to order Agent Dreeland's notes be disclosed under *Brady*.

3. A "mere presence" jury instruction was unnecessary because the government's case rested on more than just the defendant's presence alone and the jury was properly instructed on all of the elements of the crimes. See *United States v. Howell*, 231 F.3d 615, 629 (9th Cir.2000). Moreover, the "mere presence" instruction was adequately covered by the instructions given on conspiracy, possession, and aiding and abetting. See *United States v. Govan*, 152 F.3d 1088, 1093 (9th Cir.1998).

4. A *Pinkerton* vicarious liability instruction was properly given by the district court because a conspiracy was charged. See *United States v. Castaneda*, 16 F.3d 1504, 1511 (9th Cir.1994). A unanimity

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

instruction was unnecessary because jurors are not required to agree unanimously on alternative theories of criminal liability. *See United States v. Kim,* 196 F.3d 1079, 1083 (9th Cir.1999).

5. Gant's argument concerning whether the district court committed reversible error when it gave a preliminary instruction to the jury that weight was an element of the possession with intent to distribute offense is not persuasive because the district court properly instructed the jury during final jury instructions. *See Guam v. Ignacio,* 852 F.2d 459, 461 (9th Cir. 1988).

6. The district court properly considered each of the required elements of an enhancement for obstruction of justice. *See United States v. Jimenez–Ortega,* 472 F.3d 1102, 1103 (9th Cir.2007). On this issue, Gant's "stinky feet" defense was material to his defense of lack of knowledge. *See United States v. Morgan,* 238 F.3d 1180, 1187 (9th Cir.2001).

7. The district court did not err in denying Gant's motion for a new trial based on newly discovered evidence because counsel was not diligent and the proffered information was cumulative. *See United States v. Jackson,* 209 F.3d 1103, 1106 (9th Cir. 2000).

8. The district court did not err in denying Gant's motion for a new trial based on prosecutorial misconduct because we do not discern any misconduct in the prosecutor's statements. *See United States v. Trevino,* 419 F.3d 896, 901 (9th Cir.2005).

For each of these reasons, the judgment of the district court is AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.