**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Miguel MOLINA–GUTIERREZ,**
**Defendant—Appellant.**

**No. 07–50513.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 6, 2008.

Arnold Dale Blankenship, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kurt D. Hermansen, Esq., San Diego, CA, for Defendant–Appellant.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Miguel Molina–Gutierrez appeals the sentence imposed following his conviction by jury trial for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He contends that the district court erred by making an upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1 and denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review sentencing decisions for an abuse of discretion. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.) (en banc), *cert. denied,* ___ U.S. ___, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). It is procedural error, and thus an abuse of discretion, for a district court to calculate the Sentencing Guidelines range incorrectly. *Id.* "[W]e review the district court's interpretation of the Guidelines de novo, the determination of the facts for clear error, and the application of the Guidelines to the facts for abuse of discretion." *United States v. Barsumyan,* 517 F.3d 1154, 1157 (9th Cir. 2008).

■ Before making an upward adjustment for obstruction of justice, "the district court must find that: 1) defendant gave false testimony; 2) the testimony was on a material matter; and 3) defendant had 'willful intent' to provide false testimony." *United States v. Jimenez-Ortega,* 472 F.3d 1102, 1103 (9th Cir.2007) (per curiam).

Molina–Gutierrez's testimony and stipulations established the elements of the offense. He also testified, however, that he escaped from kidnappers in Mexico and unwittingly fled into the United States.

Molina–Gutierrez argues that his testimony about fleeing kidnappers and inadvertently leaving Mexico was not shown to be false and was not relevant to the government's case because it does not contradict his admission that once apprehended by border patrol, he knew he was in the United States. As stated by the district court, the testimony contradicts the jury's finding that Molina–Gutierrez knowingly entered the United States. *See United States v. Salazar–Gonzalez,* 458 F.3d 851, 856 (9th Cir.2006) (holding that government must prove that defendant knew he was entering or remaining in the United States). In addition, Molina–Gutierrez did not remain "voluntarily" in the United States after his apprehension. *See United States v. Quintana–Torres,* 235 F.3d 1197, 1200 (9th Cir.2000) (holding that "voluntarily remaining in the country after an involuntary entry" satisfies § 1326).

Molina–Gutierrez argues that, despite the district court's finding that he was competent to stand trial, his testimony was not willfully false because he was delusional, as shown by contradictions in the testimony. But his testimony that he asked people to help him return to Tijuana is consistent with his other testimony because he could have been asking for help to return to Tijuana from another place in Mexico. The district court did not clearly err in finding that Molina–Gutierrez's testimony was willfully false and that he obstructed justice. *See Barsumyan,* 517 F.3d at 1157.

■ Molina–Gutierrez contends that the district court erred by denying him a downward adjustment under U.S.S.G. § 3E1.1 because he timely accepted responsibility by admitting all elements of the offense before trial, during trial, during his presentence interview, and at sentencing. This contention lacks merit because, as the district court concluded, the defense presented to the jury the issue of Molina–Gutierrez's knowing and voluntary entry into the United States. *See* U.S.S.G. § 3E1.1, comment. (n.2); *United States v. Weiland,* 420 F.3d 1062, 1080 (9th Cir. 2005).

**AFFIRMED.**