MEMORANDUM **
Sigerseth appeals his 63-month sentence for conspiracy to defraud the United States, 18 U.S.C. § 371, and attempted tax evasion, 26 U.S.C. § 7201. Although Sigerseth was tried and convicted along with Avila, he was sentenced separately and their appeals are currently unconsolidated.[1]
The district court did not commit plain error by failing to instruct the jury that the government had the burden of disproving Sigerseth’s Cheek defense beyond a reasonable doubt. The district court correctly instructed the jury that tax evasion under 26 U.S.C. § 7201 includes the element of willfulness, that the government has the burden of proving each element beyond a reasonable doubt, and that willfulness is negated by the existence of a good-faith mistake of law. See Cheek v. United States, 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). Because a Cheek defense is not an affirmative defense like self-defense, a separate instruction regarding the burden of proof was not necessary. Cf. United States v. Sanchez-Lima, 161 F.3d 545, 549 (9th Cir.1998).
The district court did not err in instructing the jury that a valid tax assessment is not a prerequisite for tax evasion under § 7201 or in denying Sigerseth’s motion to dismiss the indictment for failure to allege the existence of a valid tax assessment. “The filing of an administrative assessment record is not required before a criminal prosecution may be instituted under 26 U.S.C. §§ 7201—07 (1976) for failure to report or pay income tax.” United States v. Voorhies, 658 F.2d 710, 714 (9th Cir. 1981). Sigerseth’s attempts to distinguish Voorhies are without merit.
Nor did the district court err when it imposed a sentencing enhancement on Sigerseth under U.S. Sentencing Guidelines Manual § 3C1.1 (2000) for obstruction of justice. The district court found that Sigerseth willfully lied about his charitable “set asides,” and that this lie was material. None of these findings was clearly erroneous, and so the sentencing enhancement was proper. See United States v. Jimenez-Ortega, 472 F.3d 1102, 1103 (9th Cir.2007) (per curiam); see also United States v. Cooper, 173 F.3d 1192, 1204-05 (9th Cir.1999). Because we affirm *500 the § 3C1.1 enhancement on the basis of the charitable set asides, we need not address the district court’s alternative basis for the enhancement (i.e., the jury’s rejection of Sigerseth’s Cheek defense).
Finally, the district court did not err in including Sigerseth’s tax losses for 1998 — 2000 when calculating his base offense level. Sigerseth evaded his 1995— 96 taxes by filing fraudulent returns; he evaded his 1998 — 2000 taxes by not filing any returns at all (until caught by the IRS years later). The record supports the district court’s determination that these two stratagems were part of a common scheme for tax evasion and were therefore related conduct for purposes of U.S. Sentencing Guidelines Manual § 2T1.1.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We decide Avila’s appeal, No. 06-10590, in a separate memorandum disposition filed concurrently with this one.