**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10066 |
| Plaintiff-Appellee, | D.C. No. 2:06-CR-00494-MCE-4 |
| v. | MEMORANDUM[*] |
| BRANDON DEAN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted December 2, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District Judge.[**]

Brandon Dean appeals from a conviction of bank fraud and conspiracy to

commit bank fraud. We affirm the conviction but remand to the district court for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

resentencing. Because the parties are familiar with the facts and procedural history, we will not recount them here.

Dean contends the district court erred in its response to a jury inquiry about the specific counts against him by summarizing the evidence presented in relation to each count. The court decided to avoid the risk of new or prejudicial information reaching the jury through other methods of relaying the relevant information.[1] Its statement neither injected something new into the evidence nor "undermine[d] the factfinder's responsibility at trial, based on evidence adduced by the [prosecution], to find the ultimate facts beyond a reasonable doubt." *Cnty. Court of Ulster Cnty., N.Y. v. Allen*, 442 U.S. 140, 156 (1979).

Dean also contends that the district court failed to address his objections to the presentence report, and imposed an obstruction of justice enhancement to his sentence without first making specific factual findings. Federal Rule of Criminal Procedure 32(i)(3)(B) requires that the district court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" When a court "neither

---

[1] *See, e.g., United States v. Goldberg*, 455 F.2d 479, 480 (9th Cir. 1972); *Robles v. United States*, 279 F.2d 401, 403-404 (9th Cir. 1960); *United States v. Hernandez*, 27 F.3d 1403, 1408 (9th Cir. 1994).

resolve[s] the disputed factual issues nor indicate[s] that they were irrelevant to its conclusion[,]" it violates Rule 32. *United States v. Carter*, 219 F.3d 863, 867 (9th Cir. 2000). The district court did neither, and adopted the findings in the report as true. That decision was erroneous, and requires remand for resolution. *Id*. at 866.

The district court also failed to make a specific finding, as required for an obstruction of justice enhancement, that Dean's false testimony was on a material matter. *United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103 (9th Cir. 2007).

The district court indicated that it was taking the obstruction of justice enhancement into account in delivering its sentence, meaning that the error was not harmless even if the sentence was lower than what the Guidelines recommended. Because the district court did not make requisite predicate findings, we "must remand where the district court failed to make [such] finding[s]." *Jimenez-Ortega*, *supra*, 472 F.3d at 1103-04.

**AFFIRMED IN PART, REMANDED IN PART.**