**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10132 |
| Plaintiff - Appellee, | D.C No. 3:13 cr-00053- HDM-WGC-1 |
| v. | |
| LESTER ROGER DECKER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted August 13, 2015
San Francisco, California

Before:    REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Lester Decker appeals from a judgment of conviction for attempted

aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a), 1151, 1153.  He also

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

appeals his sentence of 190 months' imprisonment. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.[1]

**1.** Decker argues that his conviction should be reversed because the prosecution constructively amended the indictment. Constructive amendments violate a defendant's Fifth Amendment right to stand trial only on charges made by a grand jury in its indictment. *See United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002), *modified on other grounds by United States v. Larson*, 495 F.3d 1094 (9th Cir. 2007) (en banc). "A constructive amendment occurs when the defendant is charged with one crime but, in effect, is tried for another crime." *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004). We have "found constructive amendment of an indictment where . . . there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument, or the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Hui Hsiung*, 778 F.3d 738, 757 (9th Cir. 2014) (citations and brackets omitted).

---

[1] The parties dispute the appropriate standard of review as to three of the four issues Decker presents on appeal. Because we conclude that none of Decker's arguments has merit under any standard of review, we review each issue *de novo*.

The record here demonstrates that the government did not constructively amend the indictment. The indictment charged Decker with "attempt[ing] to engage in, by use of force in a sexual act with B.L.O., an Indian, who communicated an unwillingness to engage in the sexual act, to wit: by penetrating her genital opening by penis, hand, finger, and by any object with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire." At trial, B.L.O., the victim, testified that Decker told her to "suck his dick," ripped off her underwear, grabbed and hit her several times, and attempted to penetrate her with his penis (at least once) and his fingers (at least twice). This "complex of facts" was not "distinctly different from those set forth" in the indictment, and the "crime charged in the indictment" – attempted aggravated sexual abuse – was exactly one of the two offenses the government sought to prove at trial. *Id.* (citations and brackets omitted). Accordingly, the government did not constructively amend the indictment.[2]

**2.**     Decker further argues that his conviction should be overturned because the evidence offered at trial proved facts that "materially varied" from

---

[2]     Decker presents a series of other arguments in support of his constructive amendment contention; however, in light of the language of the indictment and the evidence adduced at trial, we conclude that none has merit.

those alleged in the indictment.[3]  Specifically, Decker argues that the government erred by asserting that Decker was "guilty of attempted sexual abuse when he 'back handed' the victim in her face, ripped off her panties, and pulled down her shorts."  This argument mischaracterizes the government's argument.  At trial, the government pointed to these acts as evidence that Decker "intended to use force to get sex" (an element of the crime of attempted sexual abuse), not that these actions *themselves* were acts of sexual abuse or attempted sexual abuse.

Decker also appears to argue that, because these acts constitute a different crime, "battery with the intent to commit sexual assault," a violation of Nevada Revised Statute § 200.400(4), they cannot form the basis of an attempted sexual abuse charge.  Again, this contention mischaracterizes *why* the government elaborated upon these acts during closing arguments:  not as evidence of sexual abuse themselves, but rather as evidence of Decker's intent to use force to get sex.

---

[3]  Material variances, like constructive amendments, violate a criminal defendant's Fifth Amendment right to stand trial only on charges made by a grand jury indictment.  *See Adamson*, 291 F.3d at 614.

Accordingly, the government did not offer evidence at trial that materially varied from the facts alleged in the indictment.[4]

**3.**     Next, Decker argues that the district court erred by "giving a lesser-included instruction on attempted sexual abuse."  Although far from clear, Decker appears to argue that it was improper for the district court to give both the aggravated sexual abuse and the attempted aggravated sexual abuse instructions because:  (1) the attempt crime is a "lesser-included offense" of the completed crime; (2) lesser included offense instructions are only proper where the evidence permits a jury to find a defendant guilty of the lesser offense and acquit him or her of the greater offense; and, (3) the evidence in this case does not satisfy this latter criterion, that is, a rational jury could not have found Decker guilty of attempted aggravated sexual assault and acquitted him of aggravated sexual assault.

Even assuming that (1) attempted sexual aggravated assault is a lesser included offense of aggravated sexual assault; and, (2) that it is *improper* for a district court to give a lesser included offense instruction *unless* the evidence

---

[4]     Decker also offers a one-sentence contention that the government "should be estopped from claiming that the theory of attempted sexual abuse presented to the Grand Jury was the same as that presented to the petit jury" because the government "successfully opposed the unsealing of the Grand Jury transcript."  Decker provides neither argument nor analysis in support of this contention; accordingly, we conclude that this contention is waived.  *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

5

permits the jury to find the defendant guilty of the lesser offense and acquit him of the greater offense – propositions for which Decker provides no authority – Decker's argument fails because the evidence in this case *satisfies* this latter criterion. That is, the jury rationally could have concluded that Decker committed attempted aggravated sexual abuse, but not aggravated sexual abuse. Specifically, the jury could have credited B.L.O.'s testimony that Decker assaulted her, told her to "suck his dick," and ripped off her panties, and "tried to insert" his penis into her vagina – evidence that clearly satisfies an attempt charge – but discredited her testimony that Decker in fact penetrated her with either his penis or his fingers. Moreover, there was evidence supporting the conclusion that Decker did not actually penetrate B.L.O., including B.L.O.'s equivocal texts sent shortly after Decker assaulted her (such as "He keeps *trying* to finger me I don't want it"), and the forensic evidence, which concluded that Decker's DNA was not found in B.L.O.'s vaginal area, and that B.L.O.'s DNA was not found on Decker's fingers.

Accordingly, we conclude that the district court did not err in instructing the jury on both aggravated sexual abuse and attempted aggravated sexual abuse.[5]

**4.** Finally, Decker argues that the district court erred by imposing the two-level enhancement provided for in U.S.S.G. § 3C1.1. The district court applied the § 3C1.1 enhancement after finding that Decker perjured himself during a pre-trial evidentiary hearing on a motion to suppress a statement that Decker made to two FBI special agents. Specifically, the district court found that Decker lied on the stand when he testified that the agents had told him that their conversation would be "off the record."

Decker argues that even if his testimony were false, he did not perjure himself because the statement was not material.[6] Specifically, Decker argues that, because the district court suppressed his statement to the FBI agents on a ground

---

[5] Decker also suggests that the jury found him guilty of attempt as a "compromise." Decker cites no evidence in support of this theory, and, as explained above, the jury could have rationally concluded that Decker attempted to commit aggravated sexual abuse but was unable to. Moreover, "we presume that citizen jurors will properly perform the duties entrusted them" and will not "subvert the law and contort findings of fact in favor of a desired result." *Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1058 (9th Cir. 2003), *as amended on denial of reh'g* (Apr. 17, 2003).

[6] Perjury is defined as: (1) giving false testimony; (2) on a material matter; (3) with the "willful intent" to provide false testimony. *United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103 (9th Cir. 2007) (per curiam).

7

unrelated to his false testimony,[7] the statement cannot be material because it did not affect the outcome of the proceeding.

This argument lacks merit. A statement is material if "it has a natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed." *United States v. McKenna*, 327 F.3d 830, 839 (9th Cir. 2003) (quoting *United States v. Leon-Reyes*, 177 F.3d 816, 820 (9th Cir. 1999)). We have specifically held that "materiality is tested at the time the alleged false statement was made," and that "'[l]ater proof that a truthful statement would not have helped the decision-making body does not render the false testimony immaterial.'" *Id.* (quoting *United States v. Lococo*, 450 F.2d 1196, 1199 n.3 (9th Cir. 1971) (brackets omitted)).

These precedents foreclose Decker's argument. The fact that Decker's suppression motion ultimately was successful has no bearing on whether his testimony that the officers told him that their conversation would be "off the record" was material. Decker's false testimony is not immaterial simply because a "truthful statement would not have helped the" district court in making its decision. *See Lococo*, 450 F.2d at 1199 n.3. Decker does not, and cannot, dispute that this

---

[7] The district court suppressed the statement under *Miranda v. Arizona*, 384 U.S. 436 (1966).

statement "ha[d] a natural tendency to influence, or was capable of influencing, the decision of the" district court "at the time" that it was made. *See McKenna*, 317 F.3d at 839 (quoting *Leon-Reyes*, 177 F.3d at 820). Accordingly, we conclude that the district court did not err in finding that Decker perjured himself during the pre-trial hearing.

**AFFIRMED.**