FILED

**NOT FOR PUBLICATION**

FEB 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10219 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-02628-CKJ-BPV-1 |
| v. | |
| MARCOS SOTO-MENDOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10220 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01277-CKJ-BPV-1 |
| v. | |
| MARCOS SOTO-MENDOZA, AKA Marco Soto-Mendoza, AKA Vicente Soto-Mendoza, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted October 20, 2015
San Francisco, California

Before: WALLACE, SILVERMAN, and CHRISTEN, Circuit Judges.

After a jury trial, the district court entered judgment and sentenced Marcos Soto-Mendoza on five counts of bringing illegal aliens into the United States for profit. Soto-Mendoza appeals from his judgment of conviction, raising several different claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court did not err in refusing to order a new trial. On Count I, the jury responded to a special interrogatory by finding the government had not proven beyond a reasonable doubt that Soto-Mendoza acted for financial gain or commercial advantage. Even assuming there was an inconsistency between this finding on Count I and the jury's convictions on Counts II-VI, a defendant cannot attack a conviction based on an inconsistent acquittal on another count. *See, e.g.,* *United States v. Powell*, 469 U.S. 57, 60 (1984).

As to Counts II-VI, the trial evidence was sufficient to establish that Soto-Mendoza acted for financial gain or commercial advantage. The evidence showed the aliens arranged to pay a third-party for their passage, this third-party supplied Soto-Mendoza as their guide, and Soto-Mendoza referred to guiding the aliens as

2

"his job." We have repeatedly upheld convictions for the same offense on similar evidence. *See, e.g., United States v. Schemenauer*, 394 F.3d 746, 751 (9th Cir. 2005); *United States v. Yoshida*, 303 F.3d 1145, 1152 (9th Cir. 2002).

The district court did not err in admitting videotaped witness depositions because the witnesses were unavailable to testify. Where an illegal alien is detained for the purposes of providing material testimony, upon the alien's motion, the government must depose and release the alien unless a "failure of justice" would ensue. *See Torres-Ruiz v. U.S. Dist. Court for the S. Dist. of California*, 120 F.3d 933, 935 (9th Cir. 1997) (citing *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir.1992)); *see also* 18 U.S.C. § 3144. The government deposed and released the witnesses upon their own motion. After the witnesses returned to Mexico, the confrontation clause required that the government make a good-faith effort to produce the witnesses at trial. *See United States v. Matus-Zayas,* 655 F.3d 1092, 1101 (9th Cir. 2011). The government made such an effort by communicating with the witnesses' counsel, sending both witnesses letters requesting their presence at trial, and offering to pay for their transportation back to the United States.

Nor did the district court abuse its discretion in admitting a border agent's hearsay testimony that one of the unavailable witnesses identified Soto-Mendoza

3

as the group's guide. This testimony was admissible as an excited utterance. *See* Fed. R. Evid. 803(2). In any event, the hearsay testimony could not have prejudiced Soto-Mendoza because the jury heard direct testimony from the witness identifying Soto-Mendoza as the guide.

The district court did not err by denying Soto-Mendoza's motion for a mistrial due to two alleged *Brady* violations. First, Soto-Mendoza does not explain how his cross-examination of the two material witnesses would have been altered by additional evidence about the government's chain of custody of a cell phone recovered at the scene. Defense counsel had the opportunity to cross-examine the witnesses about their testimony that they had seen Soto-Mendoza use a cell phone. Nor has Soto-Mendoza shown that he was prejudiced by the absence of this chain-of-custody evidence. The cell phone's immateriality to Soto-Mendoza's defense also disposes of his related argument that this chain-of-custody evidence was necessary for him to present a complete defense at trial.

We also reject Soto-Mendoza's argument that the government committed a *Brady* violation by failing to produce pre-deposition interview notes because he has not identified how information from the notes would have been helpful to him in cross-examining the material witnesses. *See Martinez-Serrano v. I.N.S.*, 94 F.3d

1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

The district court did not abuse its discretion by excusing a juror to accommodate the juror's pre-existing international travel plans. *See United States v. McFarland*, 34 F.3d 1508, 1512 (9th Cir. 1994).

Nor did the district court abuse its discretion by not granting a pre-trial motion for substitution of counsel. *See Daniels v. Woodford*, 428 F.3d 1181, 1197-98 (9th Cir. 2005) (describing factors to consider when deciding motion to substitute counsel). The district court held a hearing on the motion and correctly recognized that, given the timing of the motion, any substitution of counsel would have required a trial continuance. Also, during a hearing on the motion, Soto-Mendoza stated "it was a mistake" to request that counsel withdraw. Soto-Mendoza elaborated that he had "always cooperated" with counsel and would continue to do so in the future. Counsel described Soto-Mendoza as "pleasant and patient."

As to sentencing, Soto-Mendoza challenges the district court's application of a guideline enhancement for smuggling six or more aliens, committing a crime involving two deaths, and obstruction of justice. Soto-Mendoza had adequate, pre-trial notice of the need to defend against the government's claim that he smuggled

5

six or more aliens. Count I of the indictment charged Soto-Mendoza with conspiring to bring in and transport aliens "including but not limited to" five listed individuals. Further, the trial evidence, namely the material witness depositions, established that Soto-Mendoza smuggled six or more aliens.

Soto-Mendoza argues that the district court violated his Sixth Amendment rights by enhancing his sentence due to the deaths of two aliens where the jury acquitted him of causing these deaths in counts VII and VIII. We do not reach Soto-Mendoza's constitutional claim because the jury did not actually acquit Soto-Mendoza of causing the deaths. The jury instructions listed each element of the crime. The jury *did* convict Soto-Mendoza of bringing the aliens into the United States. The parties stipulated that the aliens identified in Counts VII and VIII died in the desert and that the autopsies indicated they died of heat-related ailments. There was no clear jury finding regarding Soto-Mendoza's involvement in the deaths and thus there is no basis for Soto-Mendoza's Sixth Amendment claim based on inconsistency. Relatedly, the deposed witnesses' testimony supported the judge's finding that the aliens' deaths resulted from Soto-Mendoza's efforts to smuggle them across the border.

Soto-Mendoza cites *United States v. Castro-Ponce*, 770 F.3d 819 (9th Cir. 2014), and argues that the district court erred by enhancing his sentence without

making explicit findings on each element of obstruction of justice. The district court must make such findings where the defendant objects to the enhancement. *See, e.g., United States v. Dunnigan*, 507 U.S. 87, 95 (1993) ("*[I]f a defendant objects to a sentence enhancement resulting from her trial testimony*, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice") (emphasis added); *accord United States v. Shannon*, 137 F.3d 1112, 1119 (9th Cir. 1998), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (requiring findings as to all three elements of obstruction of justice "[a]fter [defendant] objected to the recommended sentence enhancement"). *Castro-Ponce* did not disturb our case law; the record in that case includes defendant's objection to the enhancement. Soto-Mendoza did not object to the imposition of this enhancement at trial. Absent such an objection, the district court was not required to making explicit findings as to each element of obstruction of justice.

    **AFFIRMED.**

United States v. Soto-Mendoza, 14-10219

SILVERMAN, Circuit Judge, dissenting in part:

This is what we said in *U.S. v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014):

We follow *Jimenez-Ortega* today. In light of the government's comment at oral argument that no case within our circuit has held that a finding of materiality must be express, we hold today that an express finding is required. To hold otherwise would eviscerate the rule announced in *Jimenez-Ortega*. Absent a requirement of express findings on all three prongs necessary for a perjury to amount to obstruction of justice, we would have to speculate about the district court's legal conclusion on obstruction. Rather than engage in such speculation, we require the fact-finder to make those determinations explicitly for our review.

Whatever one thinks of the correctness of that opinion, no one can doubt its clarity. In fact, it couldn't be clearer: An express finding of materiality is required if the district court is going to apply an obstruction of justice enhancement based

on perjury.

In fairness to the able district judge, it must be noted that *Castro-Ponce* was not decided until about six months after the sentencing in this case occurred. However, it also must be noted that the case relied on by the *Castro-Ponce* court, *U.S. v. Jimenez-Ortega*, 472 F.3d 1103 (9th Cir. 2007), had been on the books for several years. *Jimenez-Ortega* held: "[T]he materiality of a false statement is one of the predicates of an obstruction enhancement, and we must remand where the district court failed to make a finding on this point." *Id*. at 1103-4.

The two key facts of our case are: (1) the district court did not make an express materiality finding before applying the two-level obstruction/perjury enhancement; and *(2) Castro-Ponce* holds "that an express finding is required." *Id*. at 822. This was plainly erroneous. I concur in the rest of the majority's memorandum, but would reverse the sentence and remand to the district court for re-sentencing.