**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 7 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES BERGHUIS,

Defendant-Appellant.

No.   14-10527

D.C. No.
2:10-cr-00377-WBS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted August 14, 2017
San Francisco, California

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and WATTERS,[**]
District Judge.

A jury convicted James Berghuis of multiple counts of mail fraud and wire

fraud and one count of money laundering, in violation of 18 U.S.C. §§ 1341, 1343,

and 18 U.S.C. §§ 1957, 2.  At sentencing, the government sought an obstruction of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Susan P. Watters, United States District Judge for the
District of Montana, sitting by designation.

justice enhancement under U.S.S.G. § 3C1.1 based on Berghuis' perjury in a related civil case. The district court applied the enhancement and sentenced him to 168 months imprisonment. Berghuis appeals his conviction and his sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for resentencing.

Berghuis' sufficiency of the evidence challenges to his convictions on Counts 1, 2, 3, 5, 6, 7, and 9, are reviewed for plain error because he failed to make a Rule 29 motion for judgment of acquittal. *United States v. Gonzalez*, 528 F.3d 1207, 1210-11 (9th Cir. 2008). For Berghuis to be found guilty of mail and wire fraud, the government was required to prove beyond a reasonable doubt that Berghuis acted with the intent to defraud; that is, the intent to deceive or cheat. 18 U.S.C. §§ 1341, 1343; *see also United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam). A jury may find a scheme to defraud and specific intent to defraud based solely on circumstantial evidence and the inferences drawn from it. *Id.* Intent may be inferred from misrepresentations made by the defendant. *United States v. Jenkins*, 633 F.3d 788, 804 (9th Cir. 2011).

The jury heard testimony that Berghuis told each investor that he was going to use the investor's money for real estate and bridge loans, and instead, used the money to purchase cars, pay off credit cards, and pay off other investors. That testimony was sufficient evidence to prove that Berghuis "intentionally deprived

[his] victims of the opportunity to decide for themselves, on the basis of true and accurate information, whether or not to invest," which is all that is required to establish an intent to defraud. *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010).

Berghuis did not object to the district court's use of the model jury instructions or offer an alternative instruction. Moreover, the government's case was a half-truths case, not an omissions case. Accordingly, the district court did not commit plain error by not instructing the jury about fiduciary duty. *United States v. Lloyd,* 807 F.3d 1128, 1153 (9th Cir. 2015). We affirm Berghuis' conviction.

To support an "obstruction of justice" enhancement under U.S.S.G. § 3C1.1, the government had to establish that the obstructive conduct (1) "occurred with respect to the investigation, prosecution or sentencing of the defendant's instant offense of conviction;" (2) "related to . . . the defendant's offense of conviction and any relevant conduct"; and (3) was "material." *Id.* § 3C1.1 cmt. n. 1; *United States v. Herrera-Rivera*, 832 F.3d 1166, 1175 (9th Cir. 2016). The district court must make explicit findings on each element of obstruction of justice. *See id.* Because the district court failed to make findings as to whether the obstructive conduct occurred with respect to the investigation, prosecution, or sentencing and as to the materiality of the obstructive conduct, we must vacate Berghuis' sentence and

remand to allow the district court to make such findings.  *United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103-04 (9th Cir. 2007) (per curiam).  Consequently, we do not reach Berghuis' argument that the district court abused its discretion by varying upward from the guidelines and sentencing him to 168 months of imprisonment.  *See United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006).

     **AFFIRMED IN PART, REVERSED IN PART, and REMANDED** to the district court for resentencing consistent with this opinion.  Each party shall bear its own costs on appeal.