
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10441 |
| Plaintiff-Appellee, | DC No. CR 10-377 WBS |
| v. | |
| JAMES BERGHUIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 9, 2018[**]
San Francisco, California

Before:   TASHIMA and MURGUIA, Circuit Judges, and HINKLE,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]     The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

Defendant-Appellant James Berghuis ran a Ponzi scheme in which his investors lost at least $2.7 million. When he did not repay one of his investors as promised, the investor sued him. On July 7, 2008, Berghuis admitted in a deposition that he owed the amount claimed by the investor but falsely testified that he used the money for real estate transactions and promissory notes, when in fact he used the money for Ponzi payments to past investors, personal expenses, gifts to family, credit card balances, and overdraft fees. Berghuis was later convicted of nine counts of mail fraud, wire fraud, and money laundering. Berghuis appeals the 168 month sentence imposed by the district court at resentencing. He argues that there was no support in the record for the district court's imposition of an obstruction of justice enhancement under U.S.S.G. § 3C1.1, and he argues that the 168-month prison sentence was an abuse of discretion because it was a "substantial variance" above the guideline range. We affirm.

1.    An obstruction of justice sentencing enhancement may be based on perjury committed in a civil lawsuit if the perjury pertains to conduct that forms the basis of the offense of conviction. U.S.S.G. § 3C1.1 cmt. n.4(B); *see United States v. Gilchrist*, 658 F.3d 1197 (9th Cir. 2011). The enhancement may cover perjury committed "prior to the start of the investigation of the instant offense of

conviction . . . if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." U.S.S.G. § 3C1.1 cmt. n.1. To support an obstruction of justice enhancement, the district court must explicitly find that the obstructive conduct: (1) occurred with respect to the investigation of the defendant's instant offense of conviction; (2) related to the defendant's offense of conviction and any relevant conduct; and (3) was material. *Id.*; *United States v. Herrera-Rivera*, 832 F.3d 1166, 1174–75 (9th Cir. 2016); *see also United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103–04 (9th Cir. 2007).

Here, the district court made explicit factual findings for all three elements of the obstruction enhancement, finding that Berghuis' perjury: (1) occurred with respect to the investigation into his criminal Ponzi scheme, (2) sufficiently related to his Ponzi scheme, and (3) was purposely calculated, and likely, to thwart a potential criminal investigation regarding his scheme. Therefore, the district court did not abuse its discretion in imposing the enhancement.

**2.** Sentences are reviewed for reasonableness, and only a procedurally erroneous or substantively unreasonable sentence is set aside. *See Gall v. United States*, 552 U.S. 38, 46, 51 (2007). "A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012)

3

(en banc) (quoting 18 U.S.C. § 3553(a)).  When a sentence varies from the guidelines, due deference is given "to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (quoting *Gall*, 552 U.S. at 51).

Here, the district court correctly calculated the advisory sentencing guideline range of 121 to 151 months and then carefully considered all of the sentencing factors found in 18 U.S.C. § 3553(a).  Based on these considerations, the district court determined that an above-guidelines sentence of 168 months was "sufficient but not greater than necessary in order to send out the right message to others who might be inclined to commit this crime, in order to protect potential victims from Mr. Berghuis's similar conduct in the future, and in order to make sure that crime doesn't pay for him."  The district court did not commit a procedural error nor was the sentence substantively unreasonable; the district court did not abuse its discretion in sentencing Berghuis to 168 months of incarceration.

•  ●  •

The judgment of the district court is **AFFIRMED.**