NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10117 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-03206-SHR-MSA-1 |
| v. | |
| KIRAN PATEL, AKA Kiran R Patel, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Argued and Submitted October 16, 2023
Phoenix, Arizona

Before:  IKUTA, BADE, and BRESS, Circuit Judges.

Appellant Kiran Patel appeals his conviction following a jury trial for attempted coercion or enticement of a person under eighteen years old to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

1.      Patel challenges the district court's pre-trial ruling that his post-arrest

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

statements to law enforcement agents were voluntary under the Due Process Clause. Patel's claim fails.[1] The totality of the circumstances, including Patel's characteristics, his waiver of *Miranda* rights, and the details of the interrogation, supports the district court's conclusion that Patel's statements were voluntary. *See Dickerson v. United States*, 530 U.S. 428, 434 (2000); *see also United States v. Harrison*, 34 F.3d 886, 891 (9th Cir. 1994) ("[I]n most circumstances, speculation that cooperation will benefit the defendant or even promises to recommend leniency are not sufficiently compelling to overbear a defendant's will." (citation omitted)). After reviewing the record, including the video of the interrogation, we cannot conclude that Patel's will was overborne. *See Missouri v. Seibert*, 542 U.S. 600, 609 (2004) ("[M]aintaining that a statement is involuntary even though given after [*Miranda*] warnings and voluntary waiver of rights requires unusual stamina, and litigation over voluntariness tends to end with the finding of a valid waiver." (citation omitted)).

---

[1] In *United States v. Arias-Villanueva*, 998 F.2d 1491 (9th Cir. 1993), *overruled on other grounds by United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103–04 (9th Cir. 2007), cited in the government's brief, we determined that the defendant's appeal from the district court's denial of a motion to suppress evidence was "moot" when the government did not introduce any of the challenged evidence at trial. *Id.* at 1502. We did not dismiss the appeal for lack of jurisdiction and thus we used the term "moot" in its colloquial sense, not in an Article III sense. *See id.*; *see also United States v. Kahre*, 737 F.3d 554, 565 (9th Cir. 2013) (noting that the defendant's motion to suppress was "moot" when the seized evidence was not introduced at trial and further determining that the seizure of the evidence was valid).

2.     At trial, a law enforcement agent who posed as an underage girl named "Katie" explained that, during his online conversation with Patel, he started to ask questions to help identify Patel because the agent believed that "some of the elements of the crime" were "essentially" starting to be met and, therefore, Patel was "going to be a suspect." Patel argues that defense counsel was ineffective for failing to timely object to this testimony. A claim of ineffective assistance requires a defendant to show that counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

Claims of ineffective assistance may be reviewed on direct appeal "under two extraordinary circumstances": either "when the record on appeal is sufficiently developed to permit review and determination of the issue, or . . . when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004) (internal quotation marks and citation omitted). Because Patel has not made this showing we will not consider his ineffective assistance claim on direct appeal.

Patel also argues that the district court erred in allowing the agent's testimony. Patel's undeveloped argument about this evidentiary issue fails to show that the district court abused its discretion or that any harmful, reversible error

occurred. *See United States v. Alonso*, 48 F.3d 1536, 1544 (9th Cir. 1995). Assuming the admission of the agent's testimony was error, any error was harmless because Patel has not shown that "it is more probable than not that the erroneous admission of the evidence materially affected the jurors' verdict." *United States v. Arambula-Ruiz*, 987 F.2d 599, 605 (9th Cir. 1993) (internal quotation marks and citation omitted).

3.     Over Patel's objection, the district court admitted an exhibit that included evidence of Patel's August 2019 internet searches relating to the age of consent in the United States and other countries.  Even if the district court erred in admitting this evidence, any error was harmless considering the lack of emphasis of this evidence, and the strength of the other evidence of Patel's guilt.  *See United States v. Lopez*, 4 F.4th 706, 718 (9th Cir. 2021) ("[T]he strength of the Government's case can render trial errors harmless by reducing the likelihood that tainted evidence impacted the verdict." (citations omitted)).

4.     There was sufficient evidence to support Patel's conviction for violating 18 U.S.C. § 2422(b).  Patel challenges the evidence related to his knowledge of "Katie's" age and whether he took a substantial step toward committing the target crime, but the evidence was sufficient to support all elements of the offense.  *See United States v. McCarron*, 30 F.4th 1157, 1162 (9th Cir. 2022).

**AFFIRMED.**